## T. C. FROST V. THE STATE.

*No. 293.     Decided May 9.*

**Bail Bond—Scire Facias—Variance.**—Where a bail bond for appearance before the District Court was taken and approved by a justice of the peace on the 4th day of September, 1891, and which said bond was subsequently forfeited and judgment nisi rendered thereon in the District Court, and scire facias issued to the sureties, which recited that the bond had been entered into before the District Court on September 5, 1891, *Held*, error to admit in evidence the bond taken and approved by the justice, over objection of defendant, because there was a fatal variance between that bond and the bond recited in the scire facias.

APPEAL from the District Court of Bexar.     Tried below before Hon. GEORGE H. NOONAN.

Appeal from a judgment final on a forfeited bail bond.

On the 24th day of October, 1891, A. J. Hill was indicted by the grand jury of Bexar County for embezzlement of over $20.   Said indictment was presented in the District Court of Bexar County, and the cause was docketed as number 9045, The State of Texas v. A. J. Hill, embezzlement.   Previous to that, on the 4th day of September, 1891, the defendant A. J. Hill, having been duly arrested by the sheriff of Bexar County on a warrant issued from the office of Anton Adam, a justice of the peace, precinct number 1, of Bexar County, entered into an appearance bond on the said 4th day of September, 1891, with appellant, T. C. Frost, and John K. Beretta as his sureties, in the sum of $1000, conditioned for his appearance at the October Term of the District Court of said Bexar County, to answer said charge of embezzlement.

On the 15th day of April, 1892, the bond was forfeited and judgment nisi was entered against the defendant Hill and his sureties.   On the 3rd day of December, 1892, scire facias issued and was served on the appellant T. C. Frost on the 5th day of December, 1892, and was not executed on the other surety, Beretta.

On the 30th day of December, 1892, appellant Frost answered by a general demurrer and general denial.

On the 4th day of October, 1893, the case was called for trial and the State dismissed as to Beretta, and judgment was made final as to Hill and Frost for the full amount of the bond.

The scire facias served on the defendant Frost reads as follows, to wit:

"*In the name of the State of Texas.—To the Sheriff or any Constable of Bexar County—Greeting:*

"Whereas, heretofore, to wit, on the 24th day of October, A. D. 1891, before our District Court, holden at the city of San Antonio, within and for the county of Bexar, the grand jurors for said county

of Bexar, State of Texas, duly elected, tried, impanelled, sworn, and charged to inquire into and for the body of the county of Bexar, returned into open court a true bill of indictment, number 9045, against A. J. Hill, on a charge of embezzlement over $20.

"And whereas, afterwards, to wit, on the 4th day of September, A. D. 1891, the said A. J. Hill having been duly arrested by the sheriff of Bexar County, on a warrant issued from the office of Anton Adam, justice of the peace, precinct number 1, of Bexar County, did in open court, and before said District Court, enter into an appearance bond on the 5th day of September, 1891, with T. C. Frost and John K. Beretta as his sureties, in the sum of one thousand dollars, jointly and severally, payable to the State of Texas; conditioned, that the said A. J. Hill should personally appear at the October Term, A. D. 1891, of the District Court of said county, and remain from day to day and from term to term thereafter, and answer said charge, and not depart thence unless discharged by due course of law.

"And whereas, afterwards, to wit, at a regular term of the District Court, begun and held within and for the county of Bexar and State of Texas, at the court house thereof, in the city of San Antonio, on the 22nd Monday after the first Monday in October, A. D. 1891, the same being the 7th day of March, A. D. 1892, to wit, on the 15th day of April, 1892, Hon. Geo. H. Noonan, judge of the Thirty-seventh Judicial District, presiding, the said A. J. Hill being three times solemnly called to come into court and answer said charge, as he was then bound to do, came not, but wholly made default, and the said T. C. Frost and John K. Beretta, his sureties, being also three times solemnly called to bring into said court the body of the said A. J. Hill to answer said charge, as they were then bound to do, came not, but wholly made default. It is therefore considered and adjudged by our said District Court, that the State of Texas do have and recover of the said A. J. Hill, as principal, and T. C. Frost and John K. Beretta, his sureties, the aforesaid sum of one thousand dollars, jointly and severally, together with the costs of this prosecution. And it is further ordered by the court, that citation issue commanding them, the said T. C. Frost and John K. Beretta, to appear at the next term of the District Court, to be holden within and for the county of Bexar, at the court house thereof, in the city of San Antonio, then and there to show cause, if any they have, why this judgment should not be made final.

"This is, therefore, to command you, that you summon the said T. C. Frost and John K. Beretta each to appear before the honorable District Court of Bexar County, on the 11th Monday after the first Monday in October, A. D. 1892, the same being the 19th day of September, 1892, at the court house in the city of San Antonio, then and there to show cause, if any he have, why this judgment should not be made final. Herein fail not, but have you before said court on the said first

day of the next term thereof, this writ, with your return thereon, showing how you have executed the same.

"Witness, Henry Umscheid, Clerk of the District Court of Bexar County. Given under my hand and the seal of said court, this 3rd day of December, 1892.

[SEAL.]            "HENRY UMSCHEID,
                "Clerk District Court Bexar County.
"Issued same day.

"By W. D. DRUSE, Deputy."

The bond read in evidence over defendant Frost's objection reads as follows, to wit: .

"THE STATE OF TEXAS,  }
   "County of Bexar,     }  ·

" *Know All Men by These Presents:*

"That we, A. J. Hill, as principal, and ———, as sureties, are held and firmly bound unto the State of Texas in the sum of one thousand . dollars, for the payment of which sum, well and truly to be made, we do bind ourselves and each of our heirs, executors and administrators, jointly and severally, by these presents.

"Signed and dated this 4th day of September, 1891.

"The condition of the above obligation is such, that whereas, the above named principal, A. J. Hill, stands charged by complaint duly made with the offense of embezzlement over the value of $20, and upon a waiving of an examination of said complaint before Anton Adam, a justice of the peace of said county, sitting as an examining court, the said A. J. Hill was, on the 4th day of September, A. D. 1891, by the order of the said court, required to give bail in the sum of one thousand dollars for his personal appearance before the District Court of said county, of the Thirty-seventh Judicial District of Texas, at the next term thereof, to answer the State of Texas upon said charge above named, or in default of such bail to be committed to the jail of said county.

"Now, if the said A. J. Hall shall well and truly make his personal appearance before the said District Court at its next term, to be begun and holden at the court house of said county in the city of San Antonio, on the first Monday of October, 1891, the same being the 5th day of October, 1891, and shall remain from day to day and from term to term of said court, until discharged by due course of law, then and there to answer said accusation against him, then this obligation shall become void, otherwise to remain in full force and effect.

                    "A. J. HILL, Principal.
                    "T. C. FROST, Surety.
                    "JOHN K. BERETTA, Surety.

"Approved Sept. 5, 1891.
      "ANTON ADAM, J. P. B. Co."

*Flemming & Camp,* for appellant.—The court erred in permitting the plaintiff, the State of Texas, to read in evidence to the jury, over the objection of the defendant, T. C. Frost, the appearance bond of the defendant, A. J. Hill, because the citation or scire facias served on the defendant, T. C. Frost, alleges that the said bond which had been forfeited was executed in open court, before said District Court, on the 5th day of September, A. D. 1891, when in fact it appears from the face of the bond read in evidence that it was executed and dated on the 4th day of September, A. D. 1891, which is a fatal variance.

The defendant, T. C. Frost, pleaded a general denial and this put in issue all the material allegations in the scire facias, it subserving the purposes of a petition. The burden of proving all essential allegations rested on the State.

One of the requisites of a writ of scire facias is, that "it shall state the date of such recognizance or bond." Therefore one essential allegation was the date of the bond. Having alleged its execution on the 5th day of September, 1891, the State was limited and restricted to the proof of a bond dated on that day, and to permit evidence of a bond executed and dated upon another day and different day was a fatal variance. Willson's Crim. Stats., sec. 2019; Code Crim. Proc., art. 443, subdiv. 4; Holt v. The State, 20 Texas Crim. App., 273; Faubian v. The State, 21 Texas Crim. App., 495; Brown et al. v. The State, 28 Texas Crim. App., 297.

*R. L. Henry,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appeal herein was prosecuted from judgment final rendered against appellant, as surety, upon a forfeited bail bond. The bond was taken and approved by a justice of the peace, before whom the prosecution was pending against the principal, on a charge of embezzlement, to await the action of the grand jury. A bill of indictment was duly presented, and bond forfeited.

The scire facias recited, that the principal entered into the bond before the District Court on September 5, 1891. The bond offered and admitted in evidence was taken before, and approved by, the justice of the peace. Objection was urged because of this variance, which was by the court overruled, and bill duly reserved. The point was well taken, and should have been sustained. Brown et al. v. The State, 28 Texas Crim. App., 297; Holt v. The State, 20 Texas Crim. App., 271; Avant v. The State, just decided (ante, p. 312).

The judgment is reversed and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.