## V. E. COOPER ET AL. V. THE STATE.

No. 15464.    Delivered December 14, 1932.
Reported in 55 S. W. (2d) 99.

The opinion states the case.

*Baskett & DeLee,* of Dallas, for appellants.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The case is before us on a writ of error.    Review of a final judgment forfeiting an appearance bond is sought.

V. E. Cooper entered into bond in the sum of $750, after an examining trial before a justice of the peace, on a charge of forgery.    Appellants A. S. Mayr and R. J. O'Connor signed the bond as sureties.    We quote from the bond as follows: "Conditioned that, whereas, the said V. E. Cooper who is now in the legal custody of H. A. Hood, Sheriff of Dallas County, Texas, charged in due form of law before E. John Baldwin, a Magistrate of said County, sitting as an Examining Court, with the offense of a felony (Forgery), and who by the order of said Magistrate has been required to give bail in the sum of Seven Hundred Fifty Dollars, conditioned for his personal appearance before the Criminal District Court of said County, to answer the said charge."

The bond is described in the scire facias writ as follows: "Whereas, in a certain criminal cause pending in the Criminal District Court No. Two of Dallas County Texas, entitled the State of Texas v. V. E. Cooper, No. 2130, wherein the said

V. E. Cooper is charged by Indictment with the offense of Forgery and Passing Forged Instruments, on the 17th day of May, A. D. 1930, the said defendant V. E. Cooper did enter into a Bond with A. S. Mays and R. J. O'Connor, his sureties, jointly and severally, in the penal sum, of Seven Hundred Fifty Dollars, conditioned that the said V. E. Cooper would make his personal appearance before the Criminal District Court No. Two of Dallas County, Texas, instanter, to answer said Indictment and there remain from day to day and from term to term of said court until legally discharged."

The judgment nisi described the bond as follows: "And it appearing to the court that the defendant V. E. Cooper as principal, together with A. S. Mays and R. J. O'Connor as sureties did, to-wit, on the 17th day of May A. D. 1930 enter into a bond payable to The State of Texas in the penal sum of Seven Hundred and Fifty Dollars conditioned that the defendant, as principal, should well and truly make his personal appearance before the Honorable Criminal District Court No. 2 of Dallas County, Texas, at the Court House of said County, in the City of Dallas, on the instanter, and there remain from day to day and term to term of said Court, until discharged by due course of law, then and there to answer The State of Texas upon a charge by complaint therein filed, accusing him of the offense of Forgery and Passing Forged Instruments (a felony)."

It is observed that the scire facias recites that Cooper entered into the bond before the district court after an indict- ment had been returned against him. The bond admitted in evidence was entered into before the justice of the peace after an examining trial. Notwithstanding the variance was pointed out to the trial court in appellant's objections, the bond was received in evidence. The point was well taken. The scire facias writ serves a dual purpose in forfeiture cases: (a) Cita- tition to the sureties; (b) the state's pleadings. Uppenkamp v. State, 89 Texas Crim. Rep., 131. In so far as it performs the office of a petition, the state is bound by the rule that in estab- lishing the essential matters therein stated, the allegation and proof must substantially correspond. Uppenkamp v. State, supra, and authorities cited. Under the decisions, the variance is fatal. Frost v. State, 33 Texas Crim. Rep., 347, 26 S. W., 412; Brown et al. v. State, 28 Texas App., 297, 12 S. W., 1101.

The bond was executed by V. E. Cooper, as principal, and A. S. *Mayr* and R. J. O'Connor, as sureties. The judgment nisi recites that the bond was executed by V. E. Cooper, A. S. *Mays* and R. J. O'Connor, and orders a recovery against said

324

parties. The final judgment recites that the bond was executed by V. E. Cooper, A. S. *Mayr* and R. J. O'Connor, and orders a recovery against them. The scire facias writ names the parties V. E. Cooper, A. S. *Mays* and R. J. O'Connor. We do not understand that "Mayr" and "Mays" are idem sonans. The opinion is expressed that appellants' objection to the introduction of the bond on the ground that there was a variance in the respect mentioned should have been sustained. Under the decisions, the variance is fatal. Uppenkamp v. State, supra; Brown v. State, 28 Texas App., 65.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.