Opinion delivered June 9, 1886.

[No. 5025.]

## WILLIAM FAUBION ET AL. *v.* THE STATE.

SCIRE FACIAS—EVIDENCE—VARIANCE.—The date of the signature of a bail bond, and not the date of its approval by the sheriff, fixes its date. The scire facias in this case alleged the execution of the bond on the first day of February, 1885. A bond dated December 13, 1884, and approved February 1, 1885, was admitted in evidence over the objection of the defendant. *Held*, that the variance was fatal, and that, in holding the date of the approval of the bond to fix the date, and in admitting it in evidence, the trial court erred

APPEAL from the District Court of Milam. Tried below before the Hon. W. E. Collard.

The appeal in this case was prosecuted from a final judgment on the forfeited bail bond of O. D. Faubion, held under a charge of assault with intent to murder. The amount of the bond and judgment was five hundred dollars.

*J. L. Peeler,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

HURT, JUDGE.    This appeal is from a judgment final on a forfeited bail bond.    The allegation in the scire facias was that the bond forfeited was executed on the first day of February, A. D. 1885.    From the bill of exceptions it appears that the court admitted in evidence, over the objections of the defendants, the bond which was dated the thirteenth of December, 1884, and approved by the sheriff on the first day of February, 1885.    In signing the bill the learned trial judge states that the court held that the date of the approval of the bond was its real date.

This precise question was presented and determined in the case of Holt v. The State, 20 Texas Court of Appeals, 271, where it was held that the date of the signature was the date of the bond.

The variance was material, and the bond should have been excluded.    The judgment is reversed and the case remanded.

*Reversed and remanded.*