## A. M. AVANT ET AL. V. THE STATE.

*No. 270.    Decided May 5.*

1. **Bail Bond—Judgment Against Sureties.**—Our statute, Code of Criminal Procedure, article 306, declares, that in all bail bonds taken under provisions of the code the sureties shall be severally bound. *Held*, that judgments entered upon such bonds, when forfeited, should be rendered severally against the defendants.

2. **Same—Variance Between Scire Facias and Judgment Nisi.**—Where the judgment nisi recited that the forfeited bond was executed on the 12th of July, 1892, but the scire facias to the sureties recited that it was entered into on the 9th of July, 1892, *Held*, the variance was fatal.

3. **Same—Variance.**—If a bail bond be taken in a Justice Court, a recitation in the scire facias and judgment nisi that the principal was required to answer an indictment in the District Court would be a fatal variance.

WRIT of error from the District Court of Wilson. Tried below before Hon. JAMES C. WILSON.

One T. J. Browning, on the 9th day of July, 1892, stood charged before J. M. Young, a justice of the peace, with forgery, and on examination was, on said date, required to give bail in the sum of $300, conditioned that said Browning would make his personal appearance before the District Court of Karnes County on the 10th day of October, 1892, on which bond the plaintiffs in error were sureties. The date of the execution of this bond was given, and in fact was July 9, 1892, and shows to have been approved July 12, 1892.

On October 13 judgment nisi was rendered against said Browning for $300, and against the plaintiffs in error for $300 *each*, said judg-

ment nisi reciting that it was a forfeiture on a bond of date July 12, 1892.

Citations issued, describing the judgment as one rendered upon the forfeiture of a bond dated July 9th, and recites that the said Browning stood charged by indictment duly presented in the District Court.

On the 30th day of March, 1893, the court rendered a judgment by default against said Browning and the plaintiffs in error, making final the judgment nisi. And it is from this judgment that the writ of error herein is prosecuted.

*Graves & Wilson,* for appellant.—1. The court erred in rendering judgment severally against the parties on a joint and several obligation. Ishmael v. The State, 41 Texas Crim. App., 244.

2. A bail bond taken by an examining court will not support a judgment forfeiting the bond of one who duly stands charged by indictment subsequently presented in the District Court. Brown v. The State, 28 Texas Crim. App., 297.

3. The court erred in forfeiting the bond against the sureties, executed the 12th day of July, 1892, whereas the bond executed by them, if any, was executed on the 9th day of July, 1892, and the judgment nisi was erroneous. It was also error to make the judgment nisi final by default, because the judgment nisi recited the date of the bond forfeited as of July 12th, whereas the writ of scire facias, or citation, describes the judgment nisi as forfeiting a bond dated July 9, 1892. Brown v. The State, 28 Texas Crim. App., 297; Hedrick v. The State, 3 Texas Crim. App., 571; Arrington v. The State, 13 Texas Crim. App., 554; Bailey v. The State, 22 So. W. Rep., 40; Holt v. The State, 20 Texas Crim. App., 271; The State v. Cox, 25 Texas, 404.

4. The court erred in rendering judgment by default, making final the judgment forfeiting a bond which the citation describes as one entered into in a prosecution pending in the District Court of Karnes County, whereas the bond sought to be forfeited by said judgment was one entered into in a magistrate's court, wherein a justice of the peace was sitting as an examining court, and the said cause was not pending in the District Court until some months subsequent. Brown v. The State, 28 Texas Crim. App., 297.

*R. L. Henry,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—The writ of error in this case is prosecuted from a judgment final by default upon a forfeited bail bond. The judgment nisi was entered against the parties severally, and this is assigned as error. There is no merit in the position. Willson's Crim. Stats., secs. 1829, 1830; Kiser v. The State, 13 Texas Crim. App., 201; Allee v. The State, 28 Texas Crim. App., 531.

The judgment nisi recited that the bond was entered into on July 12, 1892, whereas the scire facias served upon the parties defendant recites that it was entered into on the 9th of July, 1892. This constitutes a fatal variance. Hedrick v. The State, 3 Texas Crim. App., 571; Bailey vs. The State, 22 So. W. Rep., 40.

There being no statement of facts, the bond is not properly before us; therefore the question urged in that connection will not be revised. We will say, however, if the bond was taken before the justice court, the recitation in the scire facias and judgment nisi that the principal was required to answer an indictment ·pending in the District Court would be fatal. Brown v. The State, 28 Texas Crim. App., 297.

In view of another trial, proper amendments should be had.

*Reversed and remanded.*

Judges all present and concurring.