### MRS. SARAH J. HANSON v. STATE.

*No. 759.    Decided March 18th, 1896.*

**1.   Sending Threatening Letter to Kill or Injure—Information.**

An information brought upon that portion of Art. 966, New Penal Code, making it an offense to send a letter threatening to kill or in any manner injure the person of another, does not state such a threat as the statute contemplates, which charges the sending of a letter for the purpose of extorting money, and which only states, "should you fail to comply with our request, woe be unto you and yours." To constitute the statutory crime above named, it must be alleged and shown, that the letter clearly contained a threat to kill or injure such other person. The language employed in the letter, which is quoted, is not sufficiently definite and explicit to afford the predicate for the information.

**2.   Same—Pleading—Innuendo as to Name—Variance.**

Where an information charges the sending of a threatening letter to "Jules E. Schneider," and the letter introduced in evidence is addressed to "Jules E. Schnioeder." Held: That the letter being, in this character of prosecution, required to be set out according to its tenor, the variance was fatal. The pleader should have alleged, by innuendo in the information, that the sender meant, by the address, "Mr. Jules E. Schnioeder," "Mr. Jules E. Schneider."

APPEAL from the County Court of Dallas. Tried below before Hon. T. F. NASH, County Judge.

This appeal is from a conviction for sending a threatening letter, the punishment being a fine of $100, and six months' imprisonment in the county jail.

Omitting formal averments, the information charges, that: "One Sarah J. Hanson on or about the 6th day of May, in the year of our Lord one thousand eight hundred and ninety-five, with force and arms in the county and State aforesaid, did unlawfully and knowingly send to Jules E. Schneider a certain written letter to the tenor following, to-wit:

"DALLAS, TEXAS, 6th May, 1895.

"MR. JULES E. SCHNIOEDER
          "269 Ross Ave Dallas Texas

"You are requested by the society known among themselves as the Elixirs—or the doomed to death—to make a contribution of one thousand dollars, in this wise place the money in a small box the bills being large, go and inter the Trinity cemetry from McKinney Avenue bury the box in a hole in the first grave on the left hand side of the rode as you inter the cemetry it is the grave of a German who died in Cedar Hill Texas. One end of the marble slab rests on the grave and leans back resting against the head board. The hole is directly under the large slab cover the box securely with dirt. Now heed our law we never call on a man but one time we know just what you are wort and you and yours will never miss this small amount we will and can do more good with it than you can it will help to put bread into the mouths of many

who are starving.   You are as safe in going and making this deposit for us as you would be in walking to any of your City Banks.   We give you ample time and that is one week from the date of this note, should you fail to comply with our request, make this demand known to the public, or cause the one who goes to get your deposit, molested in any manor shape or form woe be unto you and yours as that person is and will be as innocent as yourself knowing nothing about how the money came to be deposited they are simply told to go at a certain time and to a certain place.   We are the Elixirs they are the doomed to deaths that is they failed to do what they are told to do.

"ELIXIRS."

"Which said letter threatens to do serious bodily injury to the person of the said Jules E. Schneider and his family and to destroy and injure the said Jules E. Schneider's property, and which said letter the said Sarah J. Hanson did unlawfully and knowingly send to the said Jules E. Schneider with the view of extorting money, property, things of value and advantage from the said Jules E. Schneider, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State."

Defendant moved to quash the information, because the same charges no offense against the laws of this State, in this, that the letter set forth in the information contains no words which mean or import any threat to do serious bodily injury to the person of Jules E. Schneider, or to his family, or to destroy or injure the said Jules E. Schneider's property, but the words in said letter, "woe be unto you and yours," relied on as conveying or imputing such threats, are merely a vague invocation of sorrow, suffering, or other mental distress, which is not an offense against the laws of this State; and because said information fails to charge specifically and particularly, any offense whatever, in that it alleges that the defendant did threaten to do serious bodily injury to one Jules E. Schneider; that she also threatened to do serious bodily injury to the family of said Jules E. Schneider; and that she also threatened to destroy and injure the said Jules E. Schneider's property; and does not inform the defendant which one of these charges she would be called on to meet upon the trial of this cause.

This motion to quash was overruled by the court.

No further statement deemed necessary.

*Charles I. Evans*, for appellant.—This prosecution is doubtless based upon Art. 813 of the Penal Code, which provides that, "If any person shall knowingly send or deliver to another, any letter or writing, whether signed or not,   *   *   *   threatening to kill or in any manner injure the person of such other, or to burn or otherwise destroy or injury any of his property, real or personal, or to do any other injury to such other person, he shall be punished," etc.

This statute clearly contemplates that the act to be punished shall be a a threat to do serious bodily injury to the person, or some physical

injury to the property of another. The law does not, and cannot, undertake to protect the human mind against the visitations of grief or sorrow, which may be invoked by enemies or evil disposed persons. It does not concern itself with regulating the prayers of the good nor the invocations of the wicked; nor with the curses, unaccompanied with threats to do serious bodily or physical injury, which one person may in rage, or from motives of revenge, heap upon another. It is only with the threat to directly injure the person or property of the citizen, that the law concerns itself. The words in the letter which are relied on as conveying the threat in this prosecution, are, "you are requested to deposit $1000 on a certain grave; if you fail to comply with our request, make this demand known to the public, or cause the one who goes to get your deposit molested in any manner, shape or form, woe be unto you and yours." The letter does not contain a single threat to do anything. The words, "woe be unto you and yours," do not import a threat. Woe is defined by the lexicographers as being a state or condition of the mind; such as grief, sorrow, misery, dolor, agony, anguish, distress, affliction, suffering. See, Worcester's Dictionary, "Woe."

In phrases of denunciation, imprecation, or invocation, woe seems to be a substantive, and in explanations an adjective, but is never used as a verb, never in any sense to express action. See many instances in the Holy Bible, where the word is used as a curse, a denunciation of calamity, or an invocation or calling down from a higher power, of a curse or calamity upon the object or person addressed or spoken of. Ezek., 34:2; Id., 30:2; Isaiah, 6:5; Matthew, 23:13.

The County Court erred in overruling defendant's objection to the letter offered in evidence by the County Attorney, on the ground that the complaint alleges that the defendant sent a letter to Jules E. Schneider, and the letter offered in evidence is plainly addressed to Jules E. Schineoder, and contains nothing to indicate that it was intended for Jules E. Schneider; and on the further ground that the letter offered in evidence does not contain any language which imports or means a threat against Jules E. Schneider, or any other person as is contemplated by the statute.

The statement of facts shows that the letter put in evidence is addressed to "Mr. E. Schineoder." The envelope in which the letter was mailed was directed to "Mr. Jules E. Schineoder, 269 Ross Ave, Dallas, Texas." The affidavit and the information alleges that the defendant sent the letter to "Jules E. Schneider."

The two names are not *idem sonans*, because the two vowels, i and e, which give the distinctive pronunciation to Schneider, are separated by a consonant, n, in the address of a letter; and the introduction of another vowel, o, makes an entirely different name.

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted on a charge of sending a threatening letter, and her punishment assessed at a fine of

$100 and six months' imprisonment in the county jail; and from the judgment of the lower court she prosecutes this appeal. The charge in this case is brought under Art. 966, Rev. Penal Code, making it criminal for any one to send to another a letter threatening to kill or in any manner injure the person of another. It will be noted that the statute in question, which is an exact copy of Art. 813, of Willson's Penal Code, makes it a criminal offense to send or deliver to another a letter threat. ening to accuse such other person of a criminal offense, with the view of extorting money; while the last part of said article makes it an offense to send or deliver a letter threatening to kill or in any manner injure, etc., without it being with the view to extort money, etc. The informa. tion in this case does not charge that the letter in question threatened to accuse such other person of a criminal offense, with the view of extorting money, but is based on the latter portion of said article, making it an offense simply to send or deliver a letter threatening to kill or injure another. The information, however, while proceeding to charge the offense under the last portion of said article, alleges that the threats were to kill or injure, with the view of extorting money, etc. It was unnecessary that the information should have alleged, in this instance, that the threatening letter was sent with the view of extorting money. Concede, however, that the allegation that it was for the purpose of extorting money could be rejected as surplusage, which is doubtful, yet it must be shown that, before a charge of this character can be sustained, the letter clearly contained a threat to kill or injure such other person, before the prosecution can be sustained. The letter in this case, is set out in hæc verba; and we have examined the same, in order to ascertain the character of threat it contains. The letter, after setting out that the prosecutor, Schnieder, should deposit $1000 in a certain grave in the cemetery, near Dallas, proceeds to state as follows: "We give you ample time, and that is one week from the date of this note. Should you fail to comply with our request, make this demand known to the public, or cause the one who goes to get your deposit molested in any manner, shape, or form, woe be unto you and yours." The last sentence, it is assumed, contains the threat intended in this case. It certainly does not contain any specific threat to do violence, but the threat, if any, is to be gathered from the general expression used, "woe be unto you and yours." The Century Dictionary defines "woe" as follows: "Grief, sorrow, misery, heavy calamity;" and it gives a number of illustrations as to how the word "woe" is used, some of them taken from the Bible. "Woe" is used both in the Old and New Testaments, sometimes as prophetic of calamity, or affliction, and sometimes as denunciatory. The language used in this case does not indicate by direction that the writer herself intended to visit upon Schnieder any calamity or affliction. It rather implies that, in case he fails to comply with her request, he will suffer some calamity or affliction, which she invokes will be visited upon him by some higher power; that is, she invokes some trouble or calamity may come upon him, without herself bringing it about. The pleader

himself seems to have apprehended this difficulty, because he treats the expression as a threat to do bodily injury to the person of said Schnieder and to his family, and to destroy and injure the said Schneider's property. In our opinion, the threat contained in the letter, in order to have afforded the predicate for the information, should have been more definite and explicit. Appellant also contends that there is a variance between the name of the alleged injured party, as set out in the information, and that contained in the letter. The information states that the defendant did knowingly send to "Jules E. Schnieder a certain letter, of the tenor as follows, to-wit." The address at the beginning of said letter is "Mr. Jules E. Schineoder." It has heretofore been held by this court, in a case of this character, that the letter must be set out according to its tenor, as in forgery. See, Tynes v. State, 17 Tex. Crim. App., 123. If this were a charge of forgery, there would clearly appear a variance between the purport and tenor clause of the information. It should have been alleged in the information, by innuendo, that the sender meant by the address "Mr. Jules E. Schineoder," as contained in said letter, "Mr. Jules E. Schnieder." By such an innuendo, proof would have been been admissible to show that by the use in the address of "Mr. Jules E. Schineoder," was meant "Mr. Jules E. Schnieder," the party whom it is alleged the appellant intended to injure. The judgment is reversed, and the prosecution dismissed.

*Reversed and Dismissed.*