ROBERT MOSELEY ET AL. v. THE STATE.

*No. 948.    Decided January 13th, 1897.*

**1.   Scire Facias on Forfeited Bail Bond—Evidence.**

Where the scire facias recited the date of the bond to be the 2nd of April, 1894, and contained no allegations as to a mistake in the date, it was error for the court, on final trial, to permit the introduction of parol evidence to show that said bond was, in fact, executed and approved on the 2nd day of May, 1894.

**2.   Same—Date of Bond.**

Where a bail bond is dated, and afterwards approved by the sheriff on a different day, the date of the bond, and not the date of the approval controls.

**3.   Judgment Nisi.**

A judgment nisi should show where the bond or recognizance requires the party to appear.

**4.   Bail Bond—Impossible Time.**

Where a bail bond binds the principal to appear before the court at a time when no court could be legally holden, the bond is void.

APPEAL from the District Court of Roberts.   Tried below before Hon. B. M. BAKER.

Appeal from a judgment final for $50, on a forfeited bail bond.

Robert Moseley as principal, and I. W. Huber, and S. G. Carter as sureties, executed their bail bond in the sum of $200, bearing date April, 2nd, 1894, and approved May 2nd, 1894, and conditioned for the appearance of the said Moseley before the District Court of Roberts County, to answer the charge, by indictment, of having stolen two gallons of whiskey.   At the April, 1895, term of said court, a forfeiture was taken upon said bond.   Citation having been served on said sureties, all of the defendants appeared at the November, 1895, term of the said court and answered, alleging, in substance, that said judgment nisi should not be made final, because (1) there was no indictment on file at the time the bond was executed, (2) said bond bound Moseley to appear at a time when no term of the court could be held under the law, (3) said bond appears to have been taken in term time and the bond does not show the offense charged was a misdemeanor, (4) that said Moseley had been surrendered by said bondsmen to the sheriff of said county, and (5) Moseley had not appeared at the time the forfeiture was taken, solely because of an agreement made with the District Attorney for the dismissal of the case.   The court, after hearing the evidence and overruling all of defendant's exceptions thereto, overruled the answer and made the judgment final for the sum of $50.

*Cleve Coffee* and *Browning & Madden,* for appellant.—The court erred in admitting, over the defendant's objections, the judgment nisi and bond herein; because,

"1. Said bond appears to have been signed at a time when there was no indictment presented and filed in this cause, on April 2nd, 1894, and said bond and judgment nisi are, therefore, void. Code Crim. Proc., Art. 288; Holt v. State, 20 Tex. Crim. App., 271; Faubion v. State, 21 Tex. Crim. App., 494.

"2. Said judgment appears to have been taken upon a bond executed on the 2nd day of May, 1894, and is not, therefore, supported by the bond offered in evidence, and there is no such bond as is described in the judgment nisi in the records of this case to support the same. Holt v. State, 20 Tex. Crim. App., 271; Faubion v. State, 21 Tex. Crim. App., 494; Avant v. State, 33 Tex. Crim. Rep., 312; Frost v. State, 33 Tex. Crim. Rep., 347; Hedrick v. State, 3 Tex. Crim. App., 571.

"3. Said bond binds the defendant therein to appear at a term of court 'to be begun and holden at the courthouse in Roberts County, in the town of Parnell, on the 5th day of November, 1894,' when, under the law, no such term of the District Court of Roberts County could be then held; and said bond and judgment nisi are, therefore, void, and of no binding force or effect in law. Acts of 1889, p. 162; Calendar for 1894; Burnett v. State, 18 Tex. Crim. App., 283; Thomas v. State, 12 Tex. Crim. App., 417.

"4. The said bond recites that it was executed on April 2nd, 1894, while the judgment nisi recites that it was rendered and a forfeiture thereby taken upon a bond executed on the 2nd day of May, 1894, an entirely variant and different bond from the one offered in evidence and described in the scire facias served on the defendants herein."

*Mann Trice,* Assistant Attorney-General, for the State.

HURT, Presiding Judge.—This is an appeal from a judgment final on a forfeited bail bond, against Robert Moseley, J. W. Huber, and S. G. Carter, the two latter being sureties. The bail bond is in the sum of $200, but the judgment final was rendered for $50. Appellants, in their first bill of exceptions, raise the question as to the action of the court in permitting the State to show on the final trial that the bond was in fact taken and approved on the 2nd day of May, 1894, instead of the 2nd of April, 1894, as recited in the scire facias. The scire facias in such case answers the purpose of a petition and citation. If there is a mistake in the date of the bond, this can be explained by proper allegations in the scire facias, and parol proof can be received to correct such mistakes. But where the scire facias alleges that the bond was executed on a certain day, without further explanations, no bond is admissible which does not bear the date set forth in the scire facias. In this case, the bond, as shown by the scire facias, bears date the 2nd of April, 1894; and, in the absence of some allegation, parol evidence was not admissible to show another date than that recited in the scire facias.

See, Avant v. State, 33 Tex. Crim. Rep., 312; Bailey v. State, 22 S. W. Rep., 40. Where a bond is dated, and is afterwards approved by the sheriff on a different day, the date of the bond, and not the date of the approval, controls. See, Holt v. State, 20 Tex. Crim. App., 271. The judgment nisi should show when the bail bond or recognizance requires the party to appear, etc. See, Willson's Forms. This is not done in the judgment before us. If we refer to the bond, it is shown that the principal was to appear before the District Court at a time when no court could be legally holden in Roberts County. Said bond was void on this account. Douglass v. State, 26 Tex. Crim. App., 248. The judgment is reversed, and the prosecution ordered dismissed.

*Reversed and Ordered Dismissed.*