PETE PEARSON ET AL. V. THE STATE.

No. 3466. Decided April 10, 1907.

**Recognizance—Judgment Nisi—Scire Facias—Date—Corrections.**

Where a form of a blank scire facias was used showing the year "18" where "19" ought to have been, and the clerk merely wrote the word "nine" over the "eight," making it read 1905: and in another of the citations wrote the figure "9" with a pen over the figure "8" making 1905, there was no discrepancy of date, and the objections to the citation were not well taken.

Appeal from the District Court of Palo Pinto.  Tried below before the Hon. W. J. Oxford.

Appeal from a judgment nisi upon a recognizance in the sum of $500.

The opinion states the case.

*Albert Stevenson,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Pearson entered into a recognizance with the other defendants in this case as his sureties in the sum of $500, conditioned that the said Pearson should make his personal appearance in said court from day to day and from term to term to answer upon a charge by indictment wherein defendant Pearson is charged with the offense of burglary.  After entering into said bond, the defendant Pearson failing to appear, court being in session, the district attorney took a judgment nisi upon said forfeited bail bond.  The defendants T. J. Pearson, D. P. Rankin and Chas. Coon, the sureties of appellant filed a motion to arrest and set aside the judgment in this cause, and to quash and hold for naught the service on the ground that the date of the recognizance in question was not truly stated in the citations issued to said last named defendants.  This is required by the decisions of this court.  See Thompson et al. v. State, 17 Texas Crim. App., 318; Avant v. State, 26 S. W. Rep., 411, and Holt v. State, 20 Texas Crim. App., 274.  But an inspection of the citations or scire facias served upon said defendants show that the date of the rendition of the judgment nisi was or is properly stated in said scire facias.  The original citations having been sent up, an examination of same show that a blank was used by the clerk, which form of blank had been in use for a number of years, and where "19" ought to have been printed, showing the year, "18" is printed in the form used, and the clerk merely wrote the word nine over the eight, making it read "1905" or in other words wrote 22nd day of March, 1905.  A similar discrepancy appears in another of the citations, and in the third citation or copy of the citation served upon one of the codefendants above named, there can be no cavil as to the date being 1905.  This citation last named has the figure "9" written in pen over the figure "8", making 1905.  So we hold that appellant's objections to the citations are not well taken, and the court did not err in refusing to sustain appellant's motion in arrest of judgment.  The judgment, therefore, of the lower court is hereby affirmed and the clerk of this court is ordered to enter up a judgment for $500 against the sureties in this bond, and upon the payment of said total sum of $500 and all costs in this behalf incurred, the sureties above named will be entitled to receipt of the judgment.

The judgment is affirmed.                              *Affirmed.*