## JOSEPH UPPENKAMP V. THE STATE.

### No. 6120.  Decided March 30, 1921.

**1.—Scire Facias—Name of Principal—Idem Sonans.**

Where, upon appeal by the sureties from a judgment final on a forfeited bail bond, it appeared from the record, that Joe Oppenchamp was charged in the indictment for hog theft, and that later a bail bond was executed reciting "Joseph Uppenkamp" as principal and appellants as sureties, held: that the variance between the name of the person in the indictment, judgment nisi, and bail bond is fatal, and judgment must be reversed and the cause remanded.  Following Weaver v. State, 13 Texas Crim. App., 191, and other cases.

**2.—Same—Writ of Scire Facias—Citation—Pleading—Proof—Idem Sonans.**

In a proceeding of this kind, in entering judgment final on a forfeited bail bond, there is no necessity for the introduction in evidence of the *scire facias* writ, which serves the dual purpose of a citation and the State's pleading, but in so far as it performs the office of a petition, the State is bound by the rule that in establishing the essential matters therein stated, the allegation and proof must substantially correspond.  Following Arrington v. State, 13 Texas Crim. App., 554, and other cases;  and tested by this rule, the names of "Joe Oppenchamp" and "Joseph Uppenkamp" are not *idem sonans*.  Following Robins v. State, 2 Texas Crim. App., 4, and other cases.

**3.—Same—Practice in Trial Court—Amendment.**

The State was not without its remedy in this case, and upon notice to the sureties and proper proof the judgment *nisi* could have been amended to make it speak the truth if the two parties in the indictment and bond were identical.  Following Quarles v. State, 37 Texas Crim. Rep., 363, and other cases.

Appeal from The District Court of Brazoria.  Tried below before the Honorable M. S. Munson.

Appeal from a judgment final on a forfeited bail bond; penal sum of $500.

The opinion states the case.

*A. R. Rucks,* for appellant.—Cited cases in opinion.

*C. M. Cureton,* Attorney General, and *Wallace Hawkins,* and *Tom S. Beauchamp,* Assistants Attorney General, for the State.

HAWKINS, JUDGE.—This is an appeal by the sureties from judgment final on forfeited bail bond.

An indictment was filed in the District Court of Brazoria County against Joe Oppenchamp, charging him with hog theft.  Later a bail bond was executed reciting: "Joseph Uppenkamp as principal, and ————— as sureties, are held and firmly bound," etc.  The condi-

tion of the bond was "that whereas the above named principal, Joseph Uppenkamp stands charged . . . with theft, a felony. Now, if the said Joseph Uppenkamp shall well and truly make his personal appearance," etc. This bond was signed by Joseph Uppenkamp, and the sureties who are appealing.

When court met no defendant appeared, and judgment *nisi* was taken on the bond, and the judgment recites: "the defendant Joe Oppenchamp failed to appear . . . and thereupon his name was called at the court house door . . . yet the said defendant came not, . . . and it appearing to the court that the defendant Joseph Uppenkamp as principal," etc., had entered into bond for his appearance, and made default, and entered judgment against Uppenkamp and the sureties.

There appears no recital in the judgment that Joe Oppenchamp and Joseph Uppenkamp is one and the same party. The *scire facias* writ served on the sureties makes no mention of Joe Oppenchamp, but all through it he is referred to as Joseph Uppenkamp. The sureties answered by general exception and general denial.

Upon the trial the *scire facias* writ, bail bond, judgment *nisi,* and indictment were introduced, objection being made by the sureties, calling attention of the court to the variance, and reserving exceptions. No proof was offered that Oppenchamp and Uppenkamp was the same party.

There was no necessity for the introduction of the *scire facias* writ.

It serves a dual purpose in forfeiture cases: (a) Citation to the sureties; (b) the State's pleading; and there was no more necessity of putting it in evidence than there would be the citation and petition in a civil suit. Cragg v. State, 18 Texas Crim. App., 297. But in so far as it performs the office of a petition, the State is bound by the rule that in establishing the essential matters therein stated, the allegation and proof must substantially correspond. Arrington v. State, 13 Texas Crim. App., 554; Goodin v. State, 14 Texas Crim. App., 446. The proof was the indictment, bail bond and judgment *nisi.* Tested by the above rule, unless Joe Oppenchamp and Joseph Uppenkamp are *idem sonans* this issue must be decided against the State, and we must conclude they are not *idem sonans* under the authority of Roberts v. State, 2 Texas Crim. App., 4; Westbrook v. State, 23 Texas Crim. App., 401, 5 S. W. Rep., 248; Hanson v. State, 35 Texas Crim. Rep., 593, 34 S. W. Rep., 929; Haygood v. State, 51 Texas Crim. Rep., 618, 103 S. W. Rep., 890; Carnes v. State, 53 Texas Crim. Rep., 490, 110 S. W. Rep., 750, and Secs. 626 and 627, Branch's Crim. Laws of Texas.

A variance between the name of the person in the indictment, judgment *nisi,* and bail bond is fatal. Brown v. State, 28 Texas Crim. App., 65, 11 S. W. Rep., 1022; Weaver v. State, 13 Texas Crim. App., 191; Loving v. State, 9 Texas Crim. App., 471; Cassady v. State, 4 Texas Crim. App., 96.

The State was not without its remedy. Upon notice to the sureties. and proper proof, the judgment *nisi* could have been amended to make it speak the truth if the two parties named in the indictment and bond were identical. Article 2015, Vernon's Civil Statutes; Morse v. State, 39 Texas Crim. Rep., 572; Sims v. State, 41 Texas Crim. Rep., 441; Hutchings State, 24 Texas Crim. App., 242; Blalack v. State, 3 Texas Crim. App., 379; Quarles v. State, 37 Texas Crim. Rep., 363.

Only one question is presented to this court: Does the indictment against Joe Oppenchamp, the bail bond as set out, and the judgment *nisi*, support the final judgment against the sureties, appellants herein? We must answer this question against the State.

The judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*