R. E. Hannay, et al., v. The State.

No. 6426.　Decided November 1, 1922.

Forfeited Bail Bond—Variance—Evidence—Indictment.

When the judgment *nisi* recites that the forfeiture was taken on a bond, conditioned that the principal should appear before the District Court to answer the indictment against him, charging him with theft of cattle, and *scire facias* writ in this respect follows the *nisi* judgment, but when the bond was offered in evidence objection was urged because it was at variance with the one described in the judgment *nisi* and *scire facias* writ, the same should have been sustained if the bond was taken in obedience to an order of an Examining Court and no indictment was pending at the time, and the record seems to show such condition. Following Brown v. State, 28 Texas Crim. App., 298.

Appeal from the District Court of Waller. Tried below before the Honorable J. D. Harvey.

Appeal from a final judgment on the forfeiture of a bail bond in the sum of $350.

The opinion states the case.

*J. M. Hawkins,* for appellant.—Cited cases in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.—Cited: Stallings v. State, 177 S. W. Rep., 132.

HAWKINS, Judge.—Judgment final on a forfeited bail bond was rendered against Henry Williams as principal, and other parties as sureties from which his appeal is prosecuted.

The bond is as follows:

"THE STATE OF TEXAS,

"Whereas, on the —— day of ——, A. D. 1918, Henry Williams was arrested and is now in the custody of E. M. Castle, by virtue of a committment issued out of the JUSTICE COURT, Precinct No. 5, of Waller County, Texas, upon a charge by . . . with the offense of Theft of a yearling, filed in said Court——and his bond fixed at the sum of Three Hundred and Fifty Dollars.

"No. 2, Therefore, We the said Henry Willaims as principal, and —— and —— as sureties, acknowledge ourselves to owe and be indebted to the State of Texas, in the sum of Three Hundred Fifty and No/100 Dollars, for payment of which, well and truly to be made, we bind ourselves, our heirs and legal representatives, firmly by these presents.

"Conditioned that the said Henry Williams shall be and personally appear before the said District Court of Waller County, Texas, at

the October Term of said Court, at the Court house of said County, in the town of Hempstead, on the 7th of October, A. D. 1918, then and there to answer The State of Texas, on a charge Felony Theft, and there remain before said Court from day to day and term to term, and until discharged from further liability thereon according to law.

"Witness our hands this the 19th, day of August, 1918.

> Henry Williams
> R. E. Hannay
> B. F. Smith
> Ernest Lawrence
> Roy Chapman.

"Taken and approved this the 20th, day of August, 1918.

> E. M. Castle."

It will be noted that the condition in the bond requires Williams to appear before the District Court of Waller County to answer "on a charge of felony theft." From recitals in the judgment *nisi* and *scire facias* we presume Williams had been bound over by the justice of the peace, sitting as an Examining Court, to wait the action of the grand jury at the October Term of the district court, but this is by no means made clear by the record. The judgment *nisi* recites that the forfeiture was taken on a bond conditioned that Williams should appear before the District Court "to answer the *indictment* against him charging him with theft of cattle," and the *scire facias* writ in this respect follows the *nisi* judgment. If the bond was taken in obedience to an order of an Examining Court no indictment was pending at the time; none is shown by the record, and there is no allegation in the *scire facias* writ that one was subsequently returned. When the bond was offered in evidence objection was urged because it was at variance with the one described in the judgment *nisi* and *scire facias* writ. This objection should have been sustained. See Avant v. State, 26 S. W. Rep., 411; Brown v. State, 28 Texas Crim. App., 298. In view of another trial proper amendments should be made.

The judgment is reversed and the cause remanded.

> *Reversed and remanded.*