**HANNAY et al. v. STATE. (No. 6426.)**

(Court of Criminal Appeals of Texas. Nov. 1, 1922.)

Bail ⬤═89(I)—Bond given before justice to await action of grand jury inadmissible, where judgment nisi and scire facias writ recite forfeiture on a bond to answer indictment.

A bail bond, conditioned upon accused's answering before the district court after examining trial, with no indictment shown, was not admissible upon final judgment where the judgment nisi and scire facias writ both recited forfeiture on a bond conditioned upon accused's answering an indictment, and were therefore at variance with the bond given.

Appeal from District Court, Waller County; J. D. Harvey, Judge.

Action for forfeiture on bail bond by the State of Texas against R. E. Hannay and others. From judgment against Henry Williams, principal, and other parties as sureties, they appeal. Judgment reversed, and cause remanded.

J. M. Hawkins, of Houston, for appellants. R. G. Storey, Asst. Atty. Gen., for the State.

HAWKINS, J. Judgment final on a forfeited bail bond was rendered against Henry Williams as principal, and other parties as sureties from which this appeal is prosecuted. The bond is as follows:

"The State of Texas.

"Whereas, on the —— day of —— A. D. 1918, Henry Williams was arrested and is now in the custody of E. M. Castle, by virtue of a commitment issued out of the justice court, precinct No. 5, of Waller county, Texas, upon a charge by —— with the offense of theft of a yearling, filed in said court —— and his bond fixed at the sum of three hundred and fifty dollars: Now, therefore, we, the said Henry Williams, as principal, and —— and ——, as sureties, acknowledge ourselves to owe and be indebted to the state of Texas, in the sum of three hundred fifty and no/100 dollars, for payment of which, well and truly to be made. we bind ourselves, our heirs and legal representatives, firmly by these presents, conditioned that the said Henry Williams shall be and personally appear before the said district court of Waller county, Texas, at the October term of said court, at the courthouse of said county, in the town of Hempstead, on the 7th of October, A. D. 1918, then and there to answer the state of Texas, on a charge felony theft, and there remain before said court from day to day and term to term, and until discharged from further liability thereon according to law.

"Witness our hands this the 19th day of August, 1918.        'Henry Williams.
"R. E. Hannay.
"B. F. Smith.
"Ernest Lawrence.
"Roy Chapman.
"Taken and approved this the 20th day of August, 1918.        E. M. Castle."

It will be noted that the condition in the bond requires Williams to appear before the district court of Waller county to answer "on a charge of felony theft." From recitals in the judgment nisi and scire facias we presume Williams had been bound over by the justice of the peace, sitting as an examining court, to await the action of the grand jury at the October term of the district court, but this is by no means made clear by the record. The judgment nisi recites that the forfeiture was taken on a bond conditioned that Williams should appear before the district court "to answer the indictment against him charging him with theft of cattle," and the scire facias writ in this respect follows the nisi judgment. If the bond was taken in obedience to an order of an examining court, no indictment was pending at the time; none is shown by the record, and there is no allegation in the scire facias writ that one was subsequently returned. When the bond was offered in evidence, objection was urged because it was at variance with the one de-

---

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

scribed in the judgment nisi and scire facias writ. This objection should have been sustained. See Avant v. State, 33 Tex. Cr. R. 312, 26 S. W. 411; Brown v. State, 28 Tex. App. 298, 12 S. W. 1101. In view of another trial proper amendments should be made.

The judgment is reversed, and the cause remanded.