AB MAYFIELD ET AL. v. THE STATE.

No. 9085.    Delivered May 20, 1925.

1.—Bond Forfeiture—Scire Facias—Variance.

Where a scire facias alleged the date of the bond to be February 4th 1923, and the bond offered in evidence was dated February 26, 1923, there was a fatal variance between the *scire facias* and the bond, and the final judgment taken must be set aside. Following Mosely et. al. v. State, 37 Tex. Crim. Rep., 18, 38 S. W. 800.

2.—Same—Continued.

It was also error, on account of the variance, to admit the minutes of the magistrate's trial docket showing the judgment binding the defendant over to appear before the district court, because said judgment and the magistrate's dockt showed complaint filed Feb. 26, 1923, the examining trial *held* on Feb. 27, 1923, and the bond sued on was alleged in the *scire facias* to have been dated Feb. 4, 1923. Following Avant v. State, 26 S. W. 411 and other cases cited.

Appeal from the District Court of Delta County.    Tried below before the Hon. Geo. B. Hale, Judge.

Appeal from a judgment forfeiting a bail bond.

The opinion states the case.

*James, Clower & Ratliff,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—This is an appeal from the district court of Delta County from a judgment forfeiting a bond.

It appears that the bond in question was given by Ab Mayfield in Justice Court for his appearance before the district court of said county.    This bond was dated February 26th, 1923, and approved Feb. 27th of "——A. D. 191——".    The bond was afterwards forfeited in the district court, judgment nisi entered, scire facias issued, served, and upon motion of the defendants the proceedings were quashed, and scire facias re-issued and the appellant appeared and when the bond was offered in evidence the objection was raised to same because the bond was dated Feb. 26th, 1923, and the scire facias alleged the date of the bond to be February 4th, 1923.    In other words because of the variance between the allegations in the scire facias and the bond sued on.    The court admitted the bond in evidence and in his explanation to the bill of exceptions stated because the former scire facias as had been quashed by the defend-

ants at a former term of the court and they were in court by reason of their motion, and that there appeared to be an other mistake in the last proceedings which defendants had moved to quash, and from all the proceedings, there was no question about it being the bond made in the examining court, and for these reasons he proceeded to make the judgment final. This identical point arose in the case of Mosely et al. v. State, 37 Tex. Cr. R. 18 38 S. W. 300. Judge Hurt said "But where the scire facias alleges that the bond was executed on a certain day without further explanation, no bond is admissible which does not bear the date set forth in the scire facias." And held the bond with a different date was not admissible, citing several authorities. We are aware of no authorities overruling the above decision and are of the opinion the learned judge fell in error in admitting the bond in evidence. The issue was purely one as to whether or not there was a variance in the scire facias describing the bond and the bond itself, and not as to whether the defendants were in court. Appellants also complain of the action of the trial court in admitting the minutes of the magistrate's trial docket showing the judgment binding defendant over to appear before the district court, because said judgment of the magistrate and the docket showed complaint was filed Feb. 26th, 1923, the examining trial held on Feb. 27th, 1923, and the bond sued on, was alleged in scire facias to have been dated Feb. 4th, 1923, prior to the said judgment of the magistrate and prior to filing the complaint in his court.

We are of the opinion that the above objection should also have been sustained. Avant v. State, 26 S. W. 411, 33 Tex. Cr. R. 312; Hannay et al. v. State, 244 S. W. 608; citing Avant case; Brown v. State, 11 S. W. 1022, 28 Tex. App. 65.

For the errors above discussed, the judgment of the trial court is reversed and remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.