W. I. Glass eg al. v. The State

No. 9984.　Delivered March 10, 1926.

**1.—Bond Forfeiture—Variance—Between Bond and Judgment Nisi.**

Where the judgment nisi described the bond as having been executed on the "27th day of September, 1925," conditioned for his appearance on the "29th day of September, 1924," and the bond introduced in evidence was dated the "29th day of September, 1924, and conditioned for his appearance on the 29th day of September, 1924," the variance between said judgment nisi and the bail bond and scire facias offered in evidence was fatal. Following Mayfield v. State, 272 S. W. 448; 100 Tex. Crim. Rep. 232.

**2.—Same—Requested Charge—Special Issue—Erroneously Refused.**

Where, on a final trial of a bond forfeiture, appellant requested the court to submit special issue No. 1 to the jury as follows: "State whether or not W. L. Glass believed that the case against him would not be tried April 6, 1925, because he thought the cases against him, W. L. Glass and Ross Bethea had been consolidated by agreement, and had to be tried together." We think under the evidence this issue was raised, and under the law should have been submitted to the jury. See Art. 439, New C. C. P., Old Code Art. 503.

**3.—Same—Argument of Counsel—Evidence Excluded—Improper.**

Where testimony of the sheriff that his reason for sending word to the defendant to come in and make a new bond, without arresting him, was because he had the reputation of running to the brush, and such testimony having been excluded by the court, it was very improper for the district attorney in his argument to state to the jury, "The court has excluded the testimony of Mr. Lewis that Glass had the reputation of taking to the brush, and I can't comment on it, but there it is." And it was also error for the court to refuse to withdraw this remark from the jury.

Appeal from the District Court of Bosque County.　Tried below before the Hon. Irwin T. Word, Judge.

Appeal from a final judgment on a forfeiture of two appeal bonds.

The opinion states the case.

*J. L. Bird* of Walnut Springs and *Parker & Moore* of Fort Worth, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—This is an appeal from the District Court of Bosque County from a judgment forfeiting a couple of bonds, and making judgments nisi final, after consolidating the two cases then pending in said court.

The record discloses that there were two cases pending in said district court, wherein W. I. Glass was principal in each case, and the other appellants were sureties on said bonds for his appearance in each case before said court, and upon failure of defendant to appear when the cases were called, the court forfeited the said bonds in each of said cases, entered judgments nisi thereon, upon which scire facias issued, thereafter same were consolidated, and upon trial on the merits judgments nisi were made final.

By bills of exceptions 1 and 2 appellants complain of the action of the court in permitting the attorney for the State to introduce in evidence one of the nisi judgments and the bond in question, because the judgment nisi described the bond as having been executed on the "27th day of September, 1925," conditioned that the principal make his appearance in court on the "29th day of September, 1924," and the bond introduced in evidence was dated "29th day of September, 1924," and conditioned that the defendant appear in court on the "29th day of September, 1924," and that same was a variance between said judgment nisi, his bail bond offered in evidence and the scire facias. We think the contention of the appellants in this respect is well taken, and the court was in error in receiving in evidence the judgment nisi and the bond, for the reason stated. Mayfield v. State, 272 S. W. 448; 100 Tex. Crim. Rep. 232.

In bill of exception No. 4 appellants complain of the refusal of the court to submit special issue No. 1 to the jury as follows:

"State whether or not W. I. Glass believed that the case against him would not be tried April 6, 1925, because he thought the cases against him, W. L. Glass and Ross Bethea had been consolidated by agreement and had to be tried together."

The court nowhere submitted this issue to the jury, and we think under the evidence this issue was raised, and under the

law same should have been submitted to the jury.  Art. 439, New C. C. P. (Old Code 503), states:

"If, before final judgment is entered against the bail, the principal appear or be arrested and lodged in jail of the proper county, the court may, at its discretion, remit the whole or part of the sum specified in the bond or recognizance."

The appellant Glass, principal in the bond, having testified that he understood from his attorney that the case in question would be consolidated with other cases and not be tried on the date in question, and the record further showing that before the judgment was made final, and in fact at the same term of court, after forfeiture had been taken, he appeared and gave new bond, and under the article, supra, it is within the discretion of the court as to whether all or part of said bond under such circumstances can be remitted, we think it was error in the court's refusing to submit to the jury the issue in question.

Complaint is also urged that the sheriff, while testifying for the State, in effect stated the reason for sending the defendant word to come in and make new bond, without arresting him, was because he had the reputation of running to the brush, which evidence was excluded from the jury by the court, at the request of the appellant; then while the attorney for the State was making his closing argument to the jury, stated:

"The court has excluded the testimony of Mr. Lewis that the Glass had the reputation of taking to the brush and I can't comment on it, but there it is."

This argument was also objected to by appellant, among other things, for the reason that the evidence had been excluded by the court, which objection to said argument said bill shows was overruled by the court and same permitted to stand as above stated.  We think the action of the court in not withdrawing from the jury the argument of the district attorney was clearly error, but in view of the disposition we have made of the case, and the probability that the same will not occur upon another trial, we think it unnecessary to go into an extended discussion of the same at this time.

For the errors we have questioned, we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined and approved by the Judges of the Court of Criminal Appeals.