Mae Johns, J. H. Shipman and L. D. Heydrick v. The State.

No. 13411. Decided May 28, 1930.
Rehearing granted June 18, 1930.
Reported in 29 S. W. (2d) 757.

The opinion states the case.

*Davenport & Crain,* of Wichita, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.—This is an appeal from a final judgment upon forfeiture of a bail bond.

The record fails to show that any briefs were filed by appellants in the trial court. We fail to find a waiver by the state of such filing. It is the uniform holding of this court that in cases such as

this briefs must be filed in the trial court and in this court in compliance with the law and rules governing civil cases, or a waiver of such filing must appear of record. Art. 2283, Revised Civil Statutes, 1925; Art. 856, C. C. P.; Lewis et al. v. State, 109 Tex. Cr. R. 661, 7 S. W. (2d) 74; Bratton et al. v. State, 109 Tex. Cr. R. 329, 4 S. W. (2d) 562; Rees et al. v. State, 13 S. W. (2d) 856.

The appeal is dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—It is now made to appear that it was through inadvertence that a waiver of the filing of briefs in the trial court was not made a part of the record when this cause was originally considered. A waiver on the part of the state now appears of record. It follows that it is proper that the judgment of dismissal should be set aside and the case considered upon the merits, and it is accordingly so ordered.

Appellants timely and properly questioned the sufficiency of the scire facias writ on the ground that it did not show the date of the appearance bond. Subdivision 4 of Art. 427, C. C. P. provides that the date of the bond or recognizance shall be stated in the citation. If we understand the recitals in the scire facias writ, it is stated therein that the appearance bond was dated the 21st day of January, 1929. See Robinson et al. v. State, 29 S. W. 788.

The appearance bond was in fact dated January 28, 1929. When said instrument was offered in evidence appellants timely and properly objected to its reception on the ground of variance as to date. The objection was well taken. The scire facias writ serves a dual purpose in forfeiture cases: (a) It is a citation to the sureties; and (b) the state's pleading. Insofar as it performs the office of a petition, the state is bound by the rule that in establishing essential matters therein stated the allegation and proof must substantially correspond. Uppenkamp et al. v. State, 229 S. W. 544. Where it is alleged in the scire facias writ that the bond was executed on a certain day and there are no further explanations, the bond is inadmissible if it bears a different date from that alleged in said writ. Mayfield et al. v. State, 272 S. W. 448; Moseley et al. v. State, 37 Tex. Cr. R. 18, 38 S. W. 800.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.