**J. M. HICKEY et al., Appellants,**

v.

**Warren SIBLEY, Appellee.**

**No. 3454.**

Court of Civil Appeals of Texas.

Waco.

June 6, 1957.

Rehearing Denied July 3, 1957.

Mack Taylor, Ft. Worth, for appellants.

Marvin G. Shwiff, Russell Allen, Dallas, for appellee.

McDONALD, Chief Justice.

Plaintiff sued defendants on 30 July 1956 upon a promissory note and upon written guarantee of payment. Plaintiff was unable to secure service of citation upon defendants and made a motion that the court authorize service by the sheriff leaving a copy of the citation and petition at the usual place of business of defendants, or by delivering same to a person over 16 years of age at the parties' places of abode. The court granted such motion. The sheriff made his return, stating that he had on August 14, 1956, delivered citation and copy of petition to the defendants "By serving Jewel Dolman, under Rule 106."

Defendants, through counsel, on *4 September 1956* filed a pleading which contained a motion to quash the citation on various grounds, and then continued:

"Subject to the foregoing motion to quash citation and service, these defendants come now and deny the allegations of plaintiff's petition and demand strict proof thereof.

"Wherefore, subject to the motion to quash above, defendants pray that plaintiff take nothing against them."

Thereafter, on *7 September 1956,* plaintiff made motion for summary judgment against defendants. The court set the motion for summary judgment as well as the hearing on motion to quash citation for *21 September 1956.* On 21 September 1956 hearing on both motions was had before the court, which rendered judgment overruling the defendants' motion to quash service and citation, and granting plaintiff's motion for summary judgment; and entered judgment for plaintiff for the amount of the note and guaranty agreement sued on.

Defendants appeal, contending: 1) The Trial Court erred in rendering judgment where there was no lawful service of citation. 2) The Trial Court erred in overruling defendants' motion to quash citation and service. 3) The Trial Court erred in rendering a summary judgment.

The matter is before this court on the transcript alone—there is no statement of facts.

As noted above, defendants filed an answer subject to their motion to quash citation. Having filed an answer, they were before the Trial Court for all purposes. The matter of the deficiency, if any, in the service and return of the citation of which defendants complain, is immaterial. Having answered, they were effectively before the court for all purposes and its jurisdiction was complete.

The answer filed by defendants dispensed with the necessity for citation and proper return thereon, if indeed, such were defective herein.

Rule 121 Texas Rules of Civil Procedure, Answer is Appearance, says:

"*An answer shall constitute an appearance of the defendant so as to dispense with the necessity for the issuance or service of citation upon him.*"

See also: York v. State, 73 Tex. 651, 11 S.W. 869; Aetna Life Ins. Co. v. Hanna, 81 Tex. 487, 17 S.W. 35; Long Island

Mach. & Equip. Co. v. Baird, Tex.Civ.App., 117 S.W.2d 565; Landram v. Robertson, Tex.Civ.App., 195 S.W.2d 170.

From the foregoing it follows that the judgment of the Trial Court is affirmed.