Clifford Henry BOWEN et al., Appellants,

v.

The STATE of Texas, Appellee.

No. 40079.

Court of Criminal Appeals of Texas.

March 15, 1967.

Rehearing Denied May 3, 1967.

Brooks Holman, Austin, for surety Jack B. McClellan.

Gene Compton, Dist. Atty., Bob D. Slough, Asst. Dist. Atty., Amarillo, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

This is a bond forfeiture case. On the 4th day of April, 1966, the principal, Clifford Henry Bowen, posted bail in cause No. 13,107, in the 47th District Court of Potter County, Texas, in which cause the principal was charged by complaint with the felony offense of possession by a felon of burglary tools. J. H. Stelfox, of Travis County, Texas, and appellant, Jack B. McClellan, signed the principal's bail bond as sureties. The amount of the bond was seven thousand five hundred dollars ($7,-500.00).

On the first day of August, 1966, No. 13,107 was called and the defendant, principal, having failed to appear, judgment nisi was entered forfeiting said bond.

Citation was issued and served on each of the sureties.

The Surety J. H. Stelfox answered by general denial. Appellant filed motion to quash the citation; plea in abatement; motion to set aside the judgment nisi and subject to such motions and plea his original answer. He also filed demand for a jury.

After the foregoing motions, pleas, answers and jury demand had been on file for some 18 days, the state filed motion for summary judgment alleging that there were no material fact issues in the cause and no sufficient cause had been shown for the failure of the principal to appear.

Appellant filed motion in opposition to the state's motion without waiving any of his pleas and motions previously filed and hearing was held on October 20, 1966. Appellant's motion to quash the citation; his plea in abatement and motion to set aside the judgment nisi being, in turn, overruled, the court, at the conclusion of the hearing, rendered judgment making final the judgment nisi and ordered that the state recover from Clifford Henry Bowen, principal, Jack B. McClellan and J. H. Stelfox, sureties, the sum of $7,500.00 and costs of suit.

Jack B. McClellan alone appeals.

Appellant's first point relates to the overruling of his motion to quash the citation, his contention being (A) that the citation is contrary to law and hence void, since it is directed to "any sheriff or any constable within the State of Texas," (Rule 15 Texas Rules of Civil Procedure) rather than to the defendant (Rule 101 T.R.C.P.); and (B) the citation does not contain the name of appellant Jack B. McClellan, but contains that of Jack B. McLellan.

■ Appellant having filed answer, subject to his motion to quash the citation, was before the court for all purposes and the defect in the citation was waived. Hickey et al. v. Sibley, Tex.Civ.App., 304 S.W.2d 165; see also Burger v. Burger, 156 Tex. 584, 298 S.W.2d 119 and since adopted Rule 120a T.R.C.P.

■ Appellant's second point relates to the variance between appellant's true name, Jack B. McClellan, which he signed to the bail bond and the Oath of Sureties, and the name Jack B. McLellan used in the judgment nisi.

The Oath of Sureties was sworn to in Travis County before appellant's counsel. in his capacity of Notary Public. The name "Jack B. McLellan" is typewritten only in this oath.

It is apparent that McClellan and McLellan both refer to the same person and that the judgment appealed from is against Jack B. McClellan, the person who signed his name to the bond and to the Oath of Sureties.

In view of such facts, we do not regard the variance between the judgment nisi and the bond as fatal. The judgment nisi followed the spelling of appellant's name typewritten in his Oath as a surety, rather than the deciphering of his signatures. We further observe that the names McLellan and McClellan appear to be idem sonans.

Appellant's third point is that the trial court erred in granting summary judgment because his motion and affidavits in opposition sufficiently apprised the trial court of the existence of fact issues which should have been tried to a jury, and which, if found in appellant's favor, would have entitled him to exoneration or, in the alternative, to remittitur of the amount of the bond.

■ As to exoneration, appellant directs attention to four affidavits in opposition to the state's motion for summary judgment. One is appellant's affidavit to the effect that he was not a resident of Potter County and received no notice of any kind prior to or on the first day of August 1966 that the criminal cause "was called for trial on said date." Another is the affidavit of appellant's co-surety to the same effect. The third is the affidavit of John Flanagan

to the same effect, and the fourth is the affidavit of John W. Flanagan stating:

"I was attorney for Clifford Henry Bowen at the time of his release on bond in said criminal cause, and at the time of his said release I told the said Clifford Henry Bowen that since the new Texas Code of Criminal Procedure required that his mailing address be written upon the bail bond in said cause for the purpose of providing an address for the mailing of notice of any setting in said cause, he, the said Clifford Henry Bowen would be notified of any setting in said criminal cause."

Art. 17.08(4) Vernon's Ann.C.C.P. provides: "That the bond be signed by name or mark by the principal and sureties, if any, each of whom shall write thereon his mailing address * * *."

The bail bond which appellant signed as surety does not show the address of the principal or the address of either surety.

The trial court's conclusion that the affidavits mentioned did not raise a fact issue as to exonerations that should be submitted to a jury was not error.

As to remittitur, appellant directs attention to the following allegation of his sworn motion in opposition to the state's motion for summary judgment.

"After August 1, 1966, the principal in this cause appeared and entered into new bail in the amount of $3000.00 which bail is but 40% of the original $7500.00 bail upon which forfeiture is sought in the instant proceeding and such bail reduction prima facie establishes good cause to exonerate this surety within the intent of Articles 22.13(3) and Article 22.17 of the Code of Criminal Procedure; or in the alternative the facts and circumstances set forth in this paragraph present a situation in which the Court, at its discretion should remit the sum specified in the bond as authorized by Article 22.16, Code of Criminal Procedure."

Appellant argues that the trial judge abused his discretion in failing to remit the whole of the sum specified in the bond.

We do not agree with appellant's contention that the trial court failed to consider the issue of remittitur, or with his contention that Johnson et al. v. State, 172 Tex.Cr.R. 624, 361 S.W.2d 574; Ricard et al. v. State, 171 Tex.Cr.R. 456, 350 S.W.2d 938, or Glass et al. v State, 103 Tex.Cr.R. 451, 281 S.W. 861, sustain his contention that the trial court abused his discretion.

Assuming that the facts alleged were sufficient to invoke the provisions of Art. 22.16 C.C.P. and to authorize the court, in its discretion, to remit the whole or part of the sum specified in the bond, the court exercised its discretion by granting the motion for summary judgment and ordering that judgment nisi be made final and that the state recover the full amount of the bond.

Gibson et al. v. State, Tex.Cr.App., 401 S.W.2d 822, and cases cited support our conclusion that no abuse of discretion by the trial court is shown.

The judgment is affirmed.

## DISSENTING OPINION

MORRISON, Judge.

Under Rule 166–A, T.R.C.P., and the holding of the Supreme Court of this State in Richards v. Allen, 402 S.W.2d 158, the sworn motion in opposition to the motion for summary judgment was before the Court for his consideration. The fact that the principal appeared prior to the entry of final judgment and was released on a new bond for the same offense in a sum far less than the original bond, would clearly show an abuse of discretion in the Court's failure to grant a remittitur and in granting judgment for the full amount of the original bond.

I respectfully dissent.