JOHNNIE ANDERSON ET AL. v. THE STATE.

No. 3096. Decided April 22, 1914.

Rehearing denied May 13, 1914.

**1.—Judgment Nisi—Bail Bond—Insufficient Appeal Bond—Re-instatement.**

Where the cause was dismissed at a former day of the term on account of defective appeal bond, and appellant thereafter tendered a sufficient appeal bond within proper time, the appeal is reinstated and heard upon its merits.

**2.—Same—Statutory Bond—Words and Phrases.**

A bail bond which is in substantial compliance with the Code in an appeal from a misdemeanor in the Justice Court to the County Court, is not void because the word "personal" was omitted therefrom in requiring appearance before the County Court.

**3.—Same—Personal Appearance Required—Statutes Construed.**

Since the amendment of 1901, the law now requires that the defendant bind himself in an appeal from the Justice to the County Court to make his appearance before said latter court, and is not conditioned as formerly for the payment of the costs, etc., and the defendant must appear and his attorney can not appear for him. Article 921, Code Criminal Procedure.

**4.—Same—Double the Amount of Fine and Costs.**

Where, in a scire facias proceeding, the defendant, in his amended motion for new trial, filed more than two weeks after the entry of final judgment, alleged that said bond was not in amount of double the fine and costs in the Justice Court, the same was too late; besides, no proof was offered in support thereof, and there was no error on appeal.

**5.—Same—Motion for Rehearing—Appellate Court.**

This is not a trial, but an appellate court, and does not hear evidence in addition to that contained in the record, and such evidence will not be heard on motion for rehearing.

Appeal from the County Court of Nacogdoches. Tried below before the Hon. Geo. F. Ingraham.

Appeal from a forfeited bail bond on an appeal from the Justice to the County Court on judgment final for $80.

The opinion states the case.

*B. F. Amonette,* for appellant.—On question of insufficiency of bail bond: Williams v. State, 51 Texas Crim. Rep., 252.

On question of presence of defendant: Page v. State, 9 Texas Crim. App., 466; Neaves v. State, 4 id., 1.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Judgment final was entered against appellants at the November term, 1913, of the County Court of Nacogdoches County on a forfeited bail bond, from which judgment appellants gave notice of appeal to this court, but a few days later gave a bond on appeal which recites that notice of appeal was given to the "Supreme Criminal Court of Appeals" and is conditioned for the payment of all costs which may accrue in the "Supreme Criminal Court of the State of Texas." There

being no such court in this State, this bond does not confer jurisdiction on this court. This court is termed by the Constitution and laws of this State "The Court of Criminal Appeals," and as the bond given is not conditioned for the payment of such costs as may accrue in this court, and we could enter no judgment thereon, it does not confer jurisdiction on this court, and the cause is dismissed from the docket. As it appears from the transcript that notice of appeal was given to this court, and the same rules govern in this character of proceedings that govern in civil matters, appellants, if they so desire, may still prosecute their appeal to this court by filing a proper bond and taking proper proceedings to bring the matters before this court.

The appeal is dismissed.

*Dismissed.*

HARPER, Judge.—This case was dismissed at a former day of this term on account of defective appeal bond, and appellant now asks that the case be reinstated, tendering a sufficient bond, and it is so ordered, and the case will now be considered on its merits.

Johnny Anderson was on March 27, 1912, convicted on a misdemeanor, and her punishment assessed at a fine of ten dollars, from which judgment she gave notice of appeal to the County Court, and executed the following appeal bond:

"The State of Texas.        In Justice's Court of Precinct No. 1.
     "vs.   No. 971.
"Johnny Anderson.

"Whereas, on the 27th day of March, A. D. 1912, in the above styled and numbered cause, at a term of said court then in session, the defendant, Johnny Anderson, was convicted on a complaint charging her with a misdemeanor, and fined by the court in the sum of ten dollars and cost, from which said judgment the defendant has appealed to the County Court of Nacogdoches County, Texas.

"Now, therefore, we the said Johnny Anderson, as principal, and .............. and .............. as sureties, acknowledge ourselves bound to pay the State of Texas the sum of eighty ($80) dollars, conditioned that the defendant, Johnny Anderson, shall well and truly make her appearance before the County Court of Nacogdoches County, Texas, at the next regular term, to be begun and holden on the third Monday in April, A. D. 1912, the same being the 15th day of said month, at the courthouse in said county, in the city of Nacogdoches, and there remain from day to day and from term to term to answer in said cause on trial in said court, then this obligation to become null and void, otherwise to remain in full force and effect.

"Johnnie Anderson.
"B. E. Strahan, Surety.
"M. S. Lloyd, Surety.
"G. U. Davis.

"Approved this 27th day of March, A. D. 1912.

"J. F. Perritte,
"Justice of the Peace Precinct Number One,
Nacogdoches County, Texas."

The first contention made by appellant is that this bond is not a statutory bond in that the word "personal" is omitted, the conditions being that she "shall make her appearance before the County Court, and there remain from day to day," etc., while the statute provides it shall be conditioned to "make her personal appearance." The bond is in substantial compliance with the Code, and was not void because the word "personal" was omitted therefrom. Cyechawaich v. State, 23 Texas Crim. App., 430, and cases cited.

His next contention is, that when the case was called, while the appellant did not appear in court, yet her attorney did appear and announce ready for trial, therefore no forfeiture could be declared. This construction had been given article 921 of the Code prior to its amendment in 1901. Before amendment the bond was conditioned for the payment of the fine and costs adjudged against the appellant in the County Court, but as amended in 1901, the bond is conditioned solely for the appearance of the defendant, and in no way binds the sureties on the appeal bond to pay the fine and costs. So the bond now required by law binds the defendant to make his appearance before the County Court, and in the event he fails to do so, it may be forfeited, if the county attorney is unwilling to proceed with the trial in the absence of the defendant. It is now nothing more than an appearance bond.

While in the amended motion for a new trial it is alleged that the bond is not in an amount double the fine and costs in the Justice Court, this ground is supported by no proof in the record. It is true appellant in a bill of exceptions recites that the fine was ten dollars and the costs thirty-three and 10/100, aggregating forty-three and 10/100 dollars, yet the court, in approving the bill, says this question was not raised on the trial of the case, nor in the original motion for a new trial, but was first sought to be raised in the amended motion for a new trial filed more than two weeks after the entry of final judgment, and that he held it came too late. Did the record disclose that any proof was offered in support of the allegation, a serious question might be raised, but we do not deem it necessary to pass on this question, it being sought to be raised by an unsworn plea after judgment, and the record before us containing no proof that the bond was not in fact in double the fine and costs, the judgment is now affirmed.

*Affirmed.*

Davidson, Judge, absent at consultation.

ON REHEARING.

May 13, 1914.

HARPER, Judge.—Appellant in his motion for rehearing asks us to allow him to make proof in this court of a fact not made in the court below, or if made, not included in the bill of exceptions filed in the court below.

This is not a trial but an appellate court, and we pass on the case on the record made in the court below, and do not hear evidence in addition to that contained in the record. All other questions raised were passed on in the original opinion.

The motion for rehearing is overruled.

*Overruled.*