T. J. SWIM, ET AL. v. THE STATE.

No. 5255.        Decided January 29, 1920.

Rehearing granted February 11, 1920.

1.—Scire Facias—Forfeited Bond—Practice on Appeal—Briefs.

The rule is that a party appealing from a judgment of forfeiture must

file briefs in the lower court and in the Court of Criminal Appeals as in civil actions, and where this is not done the appeal must be dismissed. Following: Heinman v. State, 70 Texas Crim. Rep., 480, and other cases; however, where it was made to appear that briefs were so filed the dismissal will be set aside.

**2.—Same—Judgment Final—Dismissal.**

Where, upon appeal from a final judgment on a forfeited appeal bond, it appeared from the record that before final judgment was taken against appellant, there was a dismissal as to some of the sureties and one of the principals, there was no error. Following: Bonding Company v. State, 73 Texas Crim. Rep., 649.

**3.—Same—Approval of Bond—Other Counties.**

Where the appeal bond was approved by the trial judge in a county other than that in which the conviction of the principal occurred, this did not affect the validity of the bond; it would be otherwise in case of recognizance, under article 904, C. C. P.

**4.—Same—Citation—Term of Court—Amount of Bond.**

Where, upon appeal from a final judgment on a forfeited appeal bond, it was contended that the citation is not sufficient in that it fails to name the term of court at which the bond was forfeited, and the amount of the bond, but an inspection of the record on appeal did not sustain this contention, there was no reversible error.

Appeal from the District Court of Cherokee. Tried below before the Hon. L. D. Guinn, judge.

Appeal from a final judgment of a forfeited appeal bond in the sum of $5500.

The opinion states the case.

*Adams & Stennis,* for appellant.—Cited: State v. Cox, 25 Texas, 404; Thompson v. Eanes, 32 id., 190.

On question of insufficient citation: Cowen v. State, 3 Texas Crim. App., 380; Goodin v. State, 14 id., 443; Hester v. State, 15 id., 418; Martin v. State, 16 id., 265.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—This is an appeal from a forfeited bond. The Assistant Attorney General files a motion to dismiss the appeal because of the fact that briefs in the case were not filed in the trial court as required by law. An inspection of the briefs sustains this contention of the Assistant Attorney General, and the motion must be granted. It is necessary that briefs in *scire facias* cases be filed in the trial court as in civil cases, the rule in regard to this practice being the same as civil cases. This matter has been the subject of quite a number of opinions. The rule was laid down that a party appealing from a judgment of

37—86—T. C.

forfeiture must file briefs in the lower court and in the Court of Criminal Appeals as in civil actions, hence an appeal from such judgment must be dismissed where no briefs were so filed, citing Heiman v. State, 70 Texas Crim. Rep., 480; Thetford v. State, 74 Texas Crim. Rep., 649, 169 S. W. Rep., 1153; Jay v. State, 34 Texas Crim. Rep., 98; Lewis v. State, 38 S. W. Rep., 205; Sparks v. State, 47 S. W. Rep., 976.

The motion of the Assistant Attorney General is, therefore, sustained, and the appeal is dismissed.

*Dismissed.*

ON RE-INSTATEMENT.

February 11, 1920.

DAVIDSON, Presiding Judge.—This appeal is taken from a final judgment on a forfeited appeal bond. The dismissal of this case previously was based upon the ground that briefs had not been properly filed in the trial court. It is now made to appear that briefs were so filed, and the judgment of dismissal will be set aside and the case disposed of on the question suggested for revision.

The judgment was made final as to appellants. There was a dismissal as to some of the sureties as there was to the principal Ferguson. It is contended the court was in error in dismissing as to the principal. This question has been settled adversely to this contention. Among the later cases will be found the case of General Bonding & Casualty Ins. Co., v. State, 73 Texas Crim. Rep., 649.

It is contended the bond is insufficient inasmuch as it was approved by the trial judge in a county other than that in which the conviction of Ferguson occurred. Such conviction occurred in Cherokee County, and an appeal prosecuted to the Court of Criminal Appeals. Bond was fixed in the sum of $2500. Court adjourned without a recognizance having been entered into by the principal. Subsequent to the adjournment of court and while the district judge was holding court court in Nacogdoches County the sheriff took and approved the bond, which was carried to the district judge in Nacogdoches County where he was holding court and there by him approved. This, it is contended, was erroneous. There is no merit in this contention. The statute authorizing the giving of bond pending appeal in felony cases is found in Article 904 C. C. P. Under this the convicted party may enter into recognizance during the term of conviction, or may enter into a bond during vacation to be approved by the sheriff and the judge who tried the case. It does not provide that the judge shall be in any particular county or at any particular place, it being a bond and not a recognizance. A recognizance must be entered into in open court, but this is not the case with reference to bonds.

It is also contended that the citation is not sufficient in that it fails to name the term of court at which the bond was forfeited, and amount of bond. An inspection of the citation does not sustain this contention as we read it. It recites that on the 16th day of February, 1916, H. W. Ferguson entered into an appeal bond with several sureties, who are named, appellant being among those named, in the penal sum of $2500, conditioned for his appearance, as the statute requires, before that court to abide the judgment of the Court of Criminal Appeals. On appeal the judgment was affirmed, and Ferguson failing to appear the bond was forfeited. It recites that the mandate of the Court of Criminal Appeals was sent down on the 27th day of June, 1916, and the court was then and there in session, and defendant, having been called as required by the statute, failed to appear, and judgment *nisi* was entered, which is set out in full forfeiting this bond, in the terms of the statute for $2500, and ordering citation and *alias capias* for Ferguson. Then again sets out the names of the principal and sureties. It then recites that said appeal bond had been and was forfeited by the District Court of Cherokee County on the 27th day of June, 1916, and a judgment then and there taken against each and all of said parties for the stipulated sum of said bond, to-wit: the sum of twenty-five hundred dollars, and it was further ordered, adjudged and decreed by the court that said judgment should be made final unless good cause should be shown at the next term of court why the defendant, H. W. Ferguson, did not appear; and whereas, on the 20th day of January, 1917, the cause came on to be heard for final judgment and the same having been rendered, an appeal was taken by the defendants. Process was issued and served upon appellants Swim, Curfman and Caldwell. We are of opinion that this does sufficiently recite the term of court at which the forfeiture was taken and the amount of the forfeiture. The bond is made an exhibit, and the judgment *nisi* is included in the citation; but we think the allegations above quoted are sufficient statements to cover the supposed defect urged by appellants. We are of opinion, therefore, there was no error in the action of the court making the judgment final, and it presents no reason why the judgment here should be set aside and reversed.

The judgment is affirmed.

*Affirmed.*