## M. D. BRIGGS, ET AL, V. THE STATE.

No. 5803.   Decided April 21, 1920.

Rehearing Denied June 9, 1920.

**1.—Scire Facias—Forfeited Bail Bond—Attorney and Client—Default.**

Where, upon appeal of final judgment upon a forfeited bail bond, appellant contended that he employed an attorney who failed to file an answer in the court below, and that the judgment by default was taken against him and his sureties, but failed to show sufficient excuse, for failure to file said answer or that he had meritorious defense, there was no reversible error.

**2.—Same—Rule Stated—Accident—Unavoidable Cause—Judgment by Default.**

The rule is that in the absence of some showing of fraud, accident, or unavoidable cause, a default judgment of a court of competent jurisdiction will not be set aside. Following Martin v. Clements, 193 S. W. Rep., 437, and other cases, and where there is no abuse of discretion shown, the judgment must be affirmed.

**3.—Same—Rehearing—Attorney and Client.**

Where the only excuse or reason suggested for the failure to file an answer to a judgment *nisi* was that an attorney, whom appellant had employed failed to file an answer, and there was no showing that said attorney was in anywise prevented or was unable to file such answer, or was misled, etc., there was no reversible error.

4.—Same—Description of Offense—Bail Bond.

Where appellant claimed that inasmuch as the bail bond in question described the offense with which his principal was charged as unlawfully keeping intoxicating liquor in violation of law, a felony, the same was not a sufficient description and the bond and therefore invalid, said contention is untenable.

Appeal from the Criminal District Court of Tarrant. Tried below before the Honorable Geo. T. Hosey.

Appeal from a forfeited bail bond. Judgment final for one thousand dollars.

The opinion states the case.

*Sam S. Beene,* for appellant.—Cited: Alexander v. Smith, 49 S. W. Rep., 916; Hargrove v. Cothran, 118 id., 177; Lucas v. Harrison, 139 id., 659, Dowell v. Winters, 20 Texas, 794; Travelling Association v. Peterson, 183 S. W. Rep., 1196, and cases cited in opinion.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—Cited Foster v. Martin, 20 Texas, 118; Wooley v. Sullivan, 46 S. W. Rep., 629; Southwestern Surety and Insurance Co. v. Gulf, T. & W. Ry. Co., 196 S. W. Rep., 276, and cases stated in opinion.

LATTIMORE, JUDGE.—This is an appeal from a final judgment upon a forfeited bail bond, had in the Criminal District Court of Tarrant County.

M. D. Briggs was charged by indictment in said court with a felony, and upon his arrest he executed a bail bond, in the usual form, giving one Arnold Guertler, and one Frank Thomas, as sureties. Thereafter, upon the call of the case, Briggs made default, and judgment *nisi* was entered against him and his sureties in May, 1919, and citations duly issued for the parties defendant in said proceeding. Thereafter, no answer having been filed, in October, 1919, a final judgment was entered against said parties. On December 23, a motion for rehearing, or new trial, was filed by the appellant Guertler, in which he sets up the fact that immediately after service of said citation, he employed an attorney to represent him in said matter, and that he was not aware until December 12, 1919, nearly thirty days after the rendition thereof, that a final judgment had been entered against him, and that said attorney had failed to file an answer, or in any way to present his defense. It is also alleged in said motion that Mr. Guertler has a meritorious defense, which he would have made had his said attorney not failed, etc., as aforesaid.

It is the rule in such cases that a sufficient excuse must be shown for failure to answer, as well as the further showing that the party sought to be charged, has a meritorious defense. We find nothing

in the record which suggests any sort of an excuse or reason why the attorney employed by Mr. Guertler did not file an answer. Said attorney did not testify with regard to the matter, nor did Mr. Guertler assign any reason in his testimony for the failure on the part of such attorney. However much we may regret it, we have no right to override the authorities in such case, which seem to agree that in the absence of some showing of fraud, accident, or unavoidable cause, a default judgment of a court of competent jurisdiction will not be set aside. Martin v. Clements, 193 S. W. Rep., 437; Miller v. First State Bank, et al, 184 S. W. Rep., 614; Hester v. Baskin, 184 S. W. Rep., 726.

In order to obtain relief at our hands, it must be affirmatively shown that the discretion of the trial court in these matters has been abused. Boyd v. Urrutia, 195 S. W. Rep., 341; Giles v. State, 65 Texas Crim. Rep., 612, 151 S. W. Rep., 1043.

We have examined the various defenses which appellant alleges he would have made if permitted. We think none of them very meritorious, and that the trial court did not abuse his discretion in this proceeding.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

ON REHEARING.

June 9, 1920.

LATTIMORE, JUDGE.—Appellant Guertler has filed a motion for rehearing, urging that we erred in holding that no sufficient excuse was shown for his failure to file his answer in the trial court prior to the taking of a final judgment upon the forfeited bond. The only excuse or reason suggested by the record for such failure, was that an attorney whom appellant had employed, failed to file any answer. It is not even attempted to be shown that said attorney was in any wise prevented, or was unable to file such answer, or that he was misled; in fact, there is no effort on the part of appellant to account for the action of said attorney, in any way. Under all the authorities cited in our original opinion, this is no showing why the trial court should have granted a new trial, and certainly is no showing why we should hold that in refusing a new trial, the lower court was guilty of abusing the discretion confided by law in him. No authority is cited by appellant, holding to the contrary, and none are known to the Court.

Complaint is also made that we should have held that the defenses which appellant would have made, if an answer had been filed, were meritorious. The only proposition advanced in support of this contention in his motion is, that inasmuch as the bail bond in question described the offense with which appellant's principal was charged, as "unlawfully keeping intoxicating liquor in violation of law, a fel-

ony,'' same was not a sufficient description, and the said bond was invalid. Appellant cites as his only authority the recent case of Saunders v. State, 216 S. W. Rep., 870. This case does not support appellant's position. The bond under discussion in that case did not state whether the principal therein was charged with a felony or mis-demeanor, did not set out any offense known *eo nominee* to the law, nor did it set out the constituent elements of any offense known to our statutes, and, hence, it was correctly held to be insufficient. In the instant case it appears that the principal was charged in terms as set out in the bail bond, with a felony; and under Article 321, Vernon's C. C. P., it is a sufficient description, and all that is neces-sary is to state that the accused is charged with a felony or a mis-demeanor, as the case might be. The remainder of the descriptive language used in the bail bond in the instant case might be treated as surplusage.

Being unable to agree with any of the contentions made in this motion, the same will be overruled.

*Overruled.*