## LEE BATES ET AL. V. THE STATE.

No. 9537.    Delivered November 25, 1925.

Reinstated, Delivered May 5  1926.

### 1.—Forfeiture of Bail Bond—Appeal Bond—Fatally Defective.

Where, on appeal to this court from a judgment of a forfeiture of a bail bond from the district court of Falls County, the appeal bond of appellants is conditioned that they "shall prosecute their appeal with effect, and in case the judgment of the Supreme Court or the Court of Civil Appeals shall be    against them, etc.," such appeal bond is wholly insufficient to give this court jurisdiction of the appeal, and the appeal is therefore dismissed. Following Anderson et al. v. State, 166 S. W. 1164.

### 2.—Same—Valid Appeal Bond Filed—Cause Reinstated.

This cause having been heretofore dismissed on account of a defective appeal bond, and a valid new appeal bond having been filed, is reinstated and will be considered on its merits.

### 3.—Same—Filing of Brief—Practice on Appeal—Rule Stated.

In appeals to this court in bond forfeiture cases  the rule for the filing of briefs as prescribed in civil cases must be followed. There is nothing in this record to show that any brief, or copies of the brief, were filed in the trial court, within the time required, nor is the case briefed. in this court in compliance with the rules in civil cases. We are therefore without authority of law to pass upon the merits of the case. Following Swim v. State, 218 S. W., 761, and other cases cited.

Appeal from the District Court of Falls County. Tried below before the Hon. Prentice Oltorf, Judge.

Appeal from a final judgment on a bond forfeiture.
The opinion states the case.

*Harper, Sturgeon & Lewis* of Dallas, for appellant.

*Sam D. Stinson, State's* Attorney, and *Robert M. Lyles,*
Assistant State's Attorney, for the State.

BAKER, JUDGE.—This is an appeal by the appellants from
a final judgment of the District Court of Falls County on a
forfeiture of a bail bond. The appeal bond in this case is
conditioned that the appellants "shall prosecute their appeal
with effect and in case the judgment of the Supreme Court or
the Court of Civil Appeals shall be against them, they shall
perform its judgment, sentence and decrees, etc." This bond
is wholly insufficient to give this court jurisdiction of the
appeal, and for that reason the appeal will have to be dis-
missed. Anderson et al v. State, 166 S. W. 1164.

It might be proper at this time to call the attention of the
appellant's attorneys to the fact that this case is not briefed
in accordance with the rules governing civil cases, which are
binding on this court in cases of this kind. Branch's Ann. Penal
Code, Secs. 608 and 609.

The appellants are hereby granted fifteen days in which to
prepare and file a proper bond in this case; otherwise, this
order will be made final.

For the reason above stated this appeal is dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has
been examined by the Judges of the Court of Criminal Appeals
and approved by the Court.

### ON REINSTATEMENT.

BAKER, JUDGE.—On November 25, 1925, this case was dis-
missed on account of a defective appeal bond, which has since
been supplied, and the case is now reinstated and before us
for further consideration.

In the order dismissing this case, we called the attention of
appellants' counsel to the fact that same had not been briefed
in accordance with the rules governing civil cases. Notwith-
standing this fact, there has been no effort to show that the
record, as presented insofar as it relates to briefing, does not

reflect the true status of the record as made. There is nothing in the record to show that any brief, or copies of the brief, were filed in the trial court within the time and in keeping with the requirements of the rules pertaining to civil cases, nor is it briefed in this court in keeping with the rules applicable to civil cases. We are therefore, on this account, without authority of law to pass upon the merits of the case. Swim v. State, 218 S. W. 761, 86 Texas Crim. Rep. 576; Davis v. State, 226 S. W. 409, 88 Texas Crim. Rep 313; Grammer v. State, 230 S. W. 165, 89 Texas Crim. Rep. 187; Wimberly v. State, 271 S. W. 608; Walker et al v. State, 272 S. W. 462.

For the reasons above mentioned, and under the authorities above cited, this appealed is ordered dismissed.

*Dismissed.*

The foregoing opinion by the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.