### EX PARTE R. C. GIBSON.

No. 10249.　Delivered May 5, 1926.

**Habeas Corpus—Bail—After Reversal—Old Bail Effective.**

Where, on a felony charge, relator was convicted, appealed his case to the court and remained in jail pending his appeal; on a reversal of his case after mandate issued, he having been enlarged on bail prior to his trial, and his sureties not having surrendered him, he was entitled to be released, on his original bond, made for his appearance, prior to his trial in the lower court. See Arts. 852, 795, 582, 759, 582 and 260, also title 10, C. C. P. Following Wells et al. v. State, 21 Tex. Crim. Rep. 595 and other cases cited.

An original habeas corpus in the Court of Criminal Appeals of Texas, praying for enlargement on original bail.

Relator ordered released on his original bail in the District Court of DeWitt County, on a charge of theft, a felony.

The opinion states the case.

*Will T. Bagly,* for relator.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—Relator seeks his release from custody of the Sheriff of DeWitt County by way of writ of habeas corpus.

Relator was charged with a felony. He was released on bail and remained at large until and during his trial. Upon the return of a verdict of guilty he surrendered to the sheriff and was held in custody pending his appeal. His appeal resulted in a reversal and the mandate of this court was returned to the district clerk of DeWitt County on the 3rd day of April, 1926. He contends that since the filing of the mandate mentioned, his

custody has been illegal for the reason that upon his original bond he was entitled to his liberty pending another trial of his case.  In our opinion, his contention is correct.  It seems fully in accord with the decision of this court in Wells et al v. State, 21 Texas Crim. Rep., 594; also Sanders v. State, 70 Texas Crim. Rep., 532 (see pages 539 and 540) ; Wiseman v. State, 156 S. W., 683; Ex Parte Guffee, 8 Texas Crim. App., 409.  The statutory provisions controlling are Articles 852, 759, 582, and 260, C. C. P., 1925.  Formerly, one on bail after indictment and before trial was taken in custody upon the announcement of ready for trial.  The statute was so amended that he would be taken in custody on the return of a verdict of guilty.  See Art. 582, supra. He would then remain in custody unless released on bail pending appeal, as permitted by Title 10, C. C. P.  The relator in the present instance did not avail himself of the provisions of Title 10 and was held in custody pending his appeal.  Under these circumstances, upon the reversal of his case and the return of the mandate, he was entitled to release under his original bail. This we understand to be the effect of Articles 759 and 852, in which it is declared that a new trial places the case in the same position in which it was before the trial took place, and that this is the effect, whether a new trial is granted in the trial court or on appeal.  The relator not having been surrendered by his sureties as provided by Art. 282, C. C. P., and a new trial having been granted, he is entitled to release; and he and his sureties are obligated that he will be present at the time his case is called for trial.  The case of Sanders v. State, supra, goes further than this court is called upon to go in the present instance.  In other words, the matter now in hand touches a case in which the accused failed to give bail while on appeal.  Sanders' case was one in which the accused had given bail on appeal but failed to respond. However, the opinion in Sanders' case, in so far as it announces the principle applicable to the present state of facts, is regarded sound. In so far as it goes further, we are not to be understood as announcing that it is not sound, but simply desire to make it plain that we are making no decision going beyond the necessities of the present case.

The writ of habeas corpus is granted and the relator is ordered released upon his bail heretofore made.

*Relator ordered released.*