## J. E. BRATTON ET AL. V. THE STATE.

No. 11386.   Delivered February 22, 1928.

Rehearing denied April 11, 1928.

**1.—Forfeiture of Bail Bond—Failure to File Brief—Appeal Dismissed.**

On appeal to this court from a forfeiture of a bail bond it is the uniform holding of this court in cases such as this that briefs must be filed in the trial court and in this court in compliance with the law and rules governing civil causes.  This rule not having been complied with by appellants, the appeal is dismissed.  See Bates et al. v. State, 283 S. W 794, and other cases cited in original opinion.

ON REHEARING.

**2.—Same—Continued.**

On rehearing appellant contends that his appearance bond which wa forfeited, was void, and this being a fundamental error it was not necessar for him to file his brief on appeal, in the court below.  With this conter tion we cannot agree.  Nothing in the record impresses this court that it i authorized to review the question suggested on rehearing in the absenc' of compliance with the law requiring the filing of a brief.  See Arts. 81'' and 818, C. C. P., 1925, and cases cited in opinion on rehearing.

Appeal from the District Court of Harrison County.   Tried below before the Hon. P. O. Beard, Judge.

Appeal from the forfeiture of an appearance bond.   Dismissed.

The opinion states the case.

*George L. Huffman* of Marshall, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—This is an appeal from a final judgment upon forfeiture of a bail bond.

There is nothing in the record showing that any briefs were filed in the trial court.   The case was submitted in this court on the 15th day of February, 1928.   Brief for appellants was filed here on the 14th day of February, 1928.

It is the uniform holding of this court that in cases such as this, briefs must be filed in the trial court and in this court in compliance with the law and rules governing civil cases.   We quote from Bates et al. v. State, 283 S. W. 794, as follows:

"There is nothing in the record to show that any brief, or copies of the brief, were filed in the trial court within the time and in keeping with the requirements of the rules pertaining to civil cases, nor is it briefed in this court in keeping with the rules applicable to civil cases.   We are, therefore, on this

account, without authority of law to pass upon the merits of the case."

See Swim v. State, 218 S. W. 761; Davis v. State, 226 S. W. 409; Grammer v. State, 230 S. W. 165; Wimberly v. State, 271 S. W. 608; Walker v. State, 272 S. W. 462.

The appeal is dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The announcement in the original opinion that in an appeal from a forfeited appeal bond the record will not be reviewed in the absence of a showing that a brief had been filed in the trial court in accord with the statutory rules on the subject or a waiver of such filing, is supported by the following authorities: Art. 2283, Rev. Civ. Stats., 1925; Art. 856, C. C. P., 1925; Reddell v. State, 99 Tex. Crim. Rep. 230; Lewis v. State, 38 S. W. 205; Mayer v. State, 24 S. W. 408; Frost et al. v. State, 57 S. W. 669, and other cases collated in Vernon's Ann. Texas C. C. P., Vol. 3, p. 311; also Grammer et al. v. State, 89 Tex. Crim. Rep. 187. Appellant insists, however, that in the present case there is fundamental error and that under such circumstances an exception to the rule mentioned exists, citing Bates v. State, 283 S. W. 794. We fail to perceive the relevancy of the citation. In that case there was a dismissal of the appeal for the want of proper appeal bond, and the rule touching the necessity for filing a brief in the trial court was specifically reaffirmed. If properly understood, the appellant's claim that there is fundamental error is based upon the alleged fact that at the time of the trial he was in jail; that the appearance bond which was forfeited, was taken after the appeal had been perfected and the appeal bond executed and approved. He had made no appearance bond and release was denied him until an appearance bond was made. It is his position, as we understand it, that the appearance bond was void because he was illegally held in custody after perfecting the appeal. On appeal, November 11, 1925, his case was reversed. See Bratton v. State, 102 Tex. Crim. Rep. 181. Upon the call of his case in the District Court for retrial, he failed to appear and a forfeiture of his bond was ordered. Nothing in the record impresses this court that it is authorized to review the question

suggested in the absence of compliance with the law requiring a brief. We will add that the soundness of the appellant's contention that by reason of the facts mentioned the appearance bond would be void is not clear. By the terms of the appeal bond or recognizance one appealing is obligated to appear before this court and to abide by its judgment. See Arts. 817 and 818, C. C. P., 1925. It has been held that on the reversal of the judgment on appeal a forfeiture of the appeal bond is not authorized upon his failure to attend the District Court. See Saunders v. State, 158 S. W. 291; Wells v. State, 21 Tex. Crim. Rep. 594; Ex Parte Gibson, 283 S. W. 795; Wiseman v. State, 70 Tex. Crim. Rep. 477. As stated above, the disposition of this hearing is based upon the conclusion that because of the failure to show the filing of a brief in the lower court or waiver of such brief, this court must, unless it overruled many decisions, refuse to entertain the appeal. The other remarks are made in view of the contention that there is an exception where there is fundamental error. We are of the opinion that there is no fundamental error, and as indicated above, are not prepared to say that the bond upon which the forfeiture was taken was invalid. Upon that subject, however, we express no definite opinion because it is not necessary in the decision of the case.

The motion is overruled.

*Overruled.*