B. W. Ashworth and C. E. Farrall, both of Dallas, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MARTIN, J. Offense, willfully refusing to support children under 16 years of age; penalty, 30 days in the county jail.

The only question necessary to pass on is the sufficiency of the evidence. Briefly, it is shown that appellant's wife procured a divorce from him in March, 1928, at which time there were eight children by their marriage, seven of whom were under 16 years of age; that no judgment at the time making disposition of the custody of these children was entered; that they continued to live with their mother; that there was community property at the time, which was divided between them equally, except that the wife apparently received the household goods; that it in most part consisted of town lots; and that it was of the approximate value in round numbers of $2,000. Appellant sold what he received from this settlement and bought a stock of merchandise and operated a store on and prior to July 3, 1928, which was the date the offense is charged to have been committed. For the state it was shown that appellant had prior to July 3, 1928, given his children but $7.95. The evidence for the state further tends to show that on and prior to July 3, 1928, he was as able as his wife to contribute to their support, he having received practically the same amount of property that she did. There is testimony in the record going to show that his store burned after July 3, 1928, and that he was at the date of the trial without funds. He disputes also the state's testimony with reference to his contributions to the children. The jury, however, resolved this issue against appellant, and, there being evidence to support the finding of the jury, we are without authority to disturb such finding. Evidence for the state tended further to show that practically all the children had to live on during this interval was from profits made on a little grocery store run by the wife of appellant and which she said did not contain a stock in excess of $175. She testified that they were in need of clothing and the necessities of life during this time.

We deem the evidence sufficient to show that on and prior to July 3, 1928, appellant willfully and without justification refused to provide for the support and maintenance of the children, shown to have been at the time under the age of 16 years, and being then in destitute and necessitous circumstances.

The judgment is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

### REES et al. v. STATE. (No. 12175.)

Court of Criminal Appeals of Texas. Jan. 23, 1929.

Rehearing Denied Feb. 27, 1929.

Tarlton & Lowe, of Corpus Christi, for appellants.

A. A. Dawson, State's Atty., of Austin, for the State.

MARTIN, J.  From a judgment forfeiting appellant's appearance bond, he appeals to this court. No briefs are on file in this court, nor is there any showing that any were filed in the trial court, nor does there appear any excuse for appellant's failure to file same, nor is there any waiver of such filing. This condition of the record necessitates a dismissal of this appeal. Mayer et al. v. State (Tex. Cr. App.) 24 S. W. 408; Frost et al. v. State (Tex. Cr. App.) 57 S. W. 669. See, also, companion case of A. F. Rees et al. v. State (No. 12176) 13 S.W.(2d) 857, opinion delivered January 23, 1929, not yet officially reported, and the authorities there cited.

Appeal dismissed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals, and approved by the court.

### On Motion for Rehearing.

MORROW, P. J. Adverting to the case of Bratton et al. v. State, 109 Tex. Cr. R. 329, 4 S.W.(2d) 562, appellant insists that the record presents fundamental errors and that the court is required to consider them, although the requirement of the law pertaining to the filing of briefs in the trial court has not been fulfilled. From the Bratton Case, supra, we take the following quotation: "Appellant insists, however, that in the present case there is fundamental error, and that under such circumstances an exception to the rule mentioned exists, citing Bates v. State, 104 Tex. Cr. R. 273, 283 S. W. 794. We fail to perceive the relevancy of the citation. In that case there was a dismissal of the appeal for the want of proper appeal bond, and the rule touching the necessity for filing a brief in the trial court was specifically reaffirmed."

We will add that our examination of the record fails to reveal fundamental error. The appellant contends that there is a fatal variance between the description of the offense named in the indictment and that set forth in the bond and judgment thereon. In several counts the indictment charges the commission of several of the offenses denounced in article 666, P. C. 1925; each of the offenses being felonies. In the bond the description of the offense reads thus: "The condition of the above obligation is such that whereas the above named principal A. F. Rees stands charged by indictment duly presented in the District Court of Bee County, Texas, *with a felony*, to wit, unlawful transportation, sale and possession of intoxicating liquor."

The statute does not require any further description of the offense than to state that the accused was charged *with a felony*. The words quoted in the bond following the word "felony" may be treated as surplusage. This has been specifically held. See Gass v. State (Tex. Cr. App.) 8 S.W.(2d) 123; Briggs et al. v. State, 87 Tex. Cr. R. 473, 222 S. W. 246.

The motion for rehearing is overruled.