

Tarlton & Lowe, of Corpus Christi, for appellants.

A. A. Dawson, State's Atty., of Austin, for the State.

MARTIN, J.  From a judgment forfeiting appellant's appearance bond, he appeals to this court. No briefs are on file in this court, nor is there any showing that any were filed in the trial court, nor does there appear any excuse for appellant's failure to file same, nor is there any waiver of such filing. This condition of the record necessitates a dismissal of this appeal. Mayer et al. v. State (Tex. Cr. App.) 24 S. W. 408; Frost et al. v. State (Tex. Cr. App.) 57 S. W. 669. See, also, companion case of A. F. Rees et al. v. State .(No. 12176) 13 S.W.(2d) 857, opinion delivered January 23, 1929, not yet officially reported, and the authorities there cited.

Appeal dismissed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals, and approved by the court.

### On Motion for Rehearing.

MORROW, P. J. Adverting to the case of Bratton et al. v. State, 109 Tex. Cr. R. 329, 4 S.W.(2d) 562, appellant insists that the record presents fundamental errors and that the court is required to consider them, although the requirement of the law pertaining to the filing of briefs in the trial court has not been fulfilled. From the Bratton Case, supra, we take the following quotation: "Appellant insists, however, that in the present case there is fundamental error, and that under such circumstances an exception to the rule mentioned exists, citing Bates v. State, 104 Tex. Cr. R. 273, 283 S. W. 794. We fail to perceive the relevancy of the citation. In that case there was a dismissal of the appeal for the want of proper appeal bond, and the rule touching the necessity for filing a brief in the trial court was specifically reaffirmed."

We will add that our examination of the record fails to reveal fundamental error. The appellant contends that there is a fatal variance between the description of the offense named in the indictment and that set forth in the bond and judgment thereon. In several counts the indictment charges the commission of several of the offenses denounced in article 666, P. C. 1925; each of the offenses being felonies. In the bond the description of the offense reads thus: "The condition of the above obligation is such that whereas the above named principal A. F. Rees stands charged by indictment duly presented in the District Court of Bee County, Texas, *with a felony*, to wit, unlawful transportation, sale and possession of intoxicating liquor."

The statute does not require any further description of the offense than to state that the accused was charged *with a felony*. The words quoted in the bond following the word "felony" may be treated as surplusage. This has been specifically held. See Gass v. State (Tex. Cr. App.) 8 S.W.(2d) 123; Briggs et al. v. State, 87 Tex. Cr. R. 473, 222 S. W. 246.

The motion for rehearing is overruled.

**REES et al. v. STATE.**   (No. 12176.)

Court of Criminal Appeals of Texas.
Jan. 23, 1929.

Rehearing Denied Feb. 27, 1929.

Tarlton & Lowe, of Corpus Christi, for appellants.

A. A. Dawson, State's Atty., of Austin, for the State.

CHRISTIAN, J. This is an appeal from a final judgment upon forfeiture of an appearance bond. The record fails to show that any briefs were filed by appellants in the trial court. We fail to find a waiver by the state of such filing. Moreover, no brief is on file in this court. It is the uniform holding of this court that in cases such as this briefs must be filed in the trial court and in this court in compliance with the law and rules governing civil cases, or a waiver of such filing must appear of record. Article 2283, Revised Civil Statutes 1925; article 856, C. C. P.; Lewis et al. v. State, 109 Tex. Cr. R. 661, 7 S.W.(2d) 74; Bratton et al. v. State, 109 Tex. Cr. R. 329, 4 S.W.(2d) 562.

The appeal is dismissed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal appeals, and approved by the court.

On Motion for Rehearing.

MORROW, P. J. Upon the authorities cited in the opinion on motion for rehearing in A. F. Rees et al. v. State (No. 12175) 13 S. W. 856, this day decided, the motion for rehearing in the present case is overruled.

**A. F. REES et al. v. STATE. (No. 12177.)**

Court of Criminal Appeals of Texas.
Jan. 23, 1929.

Rehearing Denied Feb. 27, 1929.

Tarlton & Lowe, of Corpus Christi, for appellants.

A. A. Dawson, State's Atty., of Austin, for the State.

MARTIN, J. This is a companion case to that of A. F. Rees et al. v. State (No. 12175) 13 S.W.(2d) 856, and the two records are in the same condition.

For the reasons given in the opinion this day handed down in said cause No. 12175, the appeal in this case must be dismissed, and it is accordingly so ordered.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals, and approved by the court.

On Motion for Rehearing.

MORROW, P. J. Upon the authorities cited in the opinion on motion for rehearing in

A. F. Rees et al. v. State (No. 12175) 13 S.W. (2d) 856, this day decided, the motion for rehearing in the present case is overruled.

**REES et al. v. STATE. (No. 12178.)**

Court of Criminal Appeals of Texas.
Jan. 23, 1929.

Rehearing Denied Feb. 27, 1929.

Tarlton & Lowe, of Corpus Christi, for appellants.

A. A. Dawson, State's Atty., of Austin, for the State.

CHRISTIAN, J. This is an appeal from a final judgment upon forfeiture of an appearance bond. The record fails to show that any briefs were filed by appellants in the trial court. We fail to find a waiver by the state of such filing. Moreover, no brief is on file in this court. It is the uniform holding of this court that in cases such as this briefs must be filed in the trial court and in this court in compliance with the law and rules governing civil cases, or a waiver of such filing must appear of record. Article 2283, Revised Civil Statutes 1925; article 856, C. C. P.; Lewis et al. v. State, 109 Tex. Cr. R. 661, 7 S.W.(2d) 74; Bratton et al. v. State, 109 Tex. Cr. R. 329, 4 S.W.(2d) 562.

The appeal is dismissed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals, and approved by the court.

On Motion for Rehearing.

MORROW, P. J. Upon the authorities cited in the opinion on motion for rehearing in A. F. Rees et al. v. State (No. 12175) 13 S. W.(2d) 856, this day decided, the motion for rehearing in the present case is overruled.