### CITY OF HOUSTON v. MASTERSON et al.
### (No. 1897.)

Court of Civil Appeals of Texas. Beaumont.
Nov. 21, 1929.

Rehearing Denied Dec. 4, 1929.

Jno. H. Freeman and Nat. H. Davis, both of Houston, for appellant.

Geo. G. & M. E. Clough, of Houston, for appellees.

WALKER, J. This appeal was prosecuted to and statement of facts and transcript filed in the Galveston Court of Civil Appeals on June 5, 1929. Under orders of the Supreme Court it was transferred to this court, and the record filed herein on the 24th day of June. Appellant did not file its brief in the lower court, nor in the Court of Civil Appeals, within the time required by law, but did file its brief in this court on the 17th of October. Appellees have not briefed the case, but have filed motion to dismiss appel-

lant's brief, alleging that they were unable to get the record and to prepare and file their brief before submission date, which was the 31st of October. They state in their motion that by exercising all reasonable diligence they were able to get the record only eleven days before submission, and because of the importance of the questions involved it was not possible for them to file their brief before submission. They further say that on the 1st day of July, 1929, they notified appellant's attorney by letter that they had not been furnished with copy of its brief and would not agree to a postponement of submission. On the 3d of July appellant's mayor acknowledged receipt of this letter and promised ·to see that the matter had attention, but, notwithstanding appellees' diligent efforts to have appellant brief its case, this was not done except as above stated. The statement of facts contains 53 pages, together with certain exhibits consisting of photostatic copies of certain records offered in evidence.

We have read appellant's brief, and it is our conclusion that the questions briefed are of such importance that it would have imposed a hardship upon appellees to have briefed the case within the short time allowed them. Appellant was fully advised in time to have briefed its case that no extension of time would be agreed to. But notwithstanding this information, as far as the record shows, it made no effort to comply with appellees' request. For the reasons stated the briefs are stricken on appellees' motion. Without briefs it becomes our duty to sustain appellees' motion to dismiss the appeal for want of prosecution under the rule announced by Mr. Chief Justice Hightower of this court in West Louisiana Bank v. Terry, 229 S. W. 639.

Appeal dismissed.