## DON MORTON ET AL. v. THE STATE.

No. 15493.  Delivered January 11, 1933.
Rehearing Denied May 10, 1933.
Reported in 59 S. W. (2d) 830.

The opinion states the case.

*John L. Poulter,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State

CALHOUN, JUDGE.—This is an appeal from a final judgment upon forfeiture of a bail bond.

The record fails to show that any briefs were filed by appellants in the trial court.  We fail to find a waiver by the state of such filing.  The motion is made by the state's attorney before this court to dismiss the appeal because briefs in the case were not filed in the court below.  It is the uniform holding of this court that in cases such as this briefs must be filed in the trial court and in this court in compliance with the law and rules governing civil cases, or a waiver of such filing must appear of record.  Article 2283, Revised Civil Statutes, 1925; article 866, C. C. P.; Lewis et al. v. State, 109 Texas Crim. Rep., 661, 7 S. W. (2d) 74; Bratton et al. v. State, 109 Texas Crim. Rep., 329, 4 S. W. (2d) 562; Rees et al. v. State, 13 S. W. (2d) 856; Johns et al. v. State, 115 Texas Crim. Rep., 335;

Thodberg et al. v. State, 194 S. W., 1108.

The motion to dismiss is well taken. The appeal will be dismissed, and it is accordingly so ordered.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant Garlitz moves for rehearing on the ground that article 1848, Rev. Civ. Stats., 1925, as amended by chapter 64, Acts Regular Session, 42nd Legislature, effective April 21, 1931, in effect repeals article 2283, Rev. Civ. Stats., in so far as the latter made necessary the filing of briefs in trial courts, and the giving of notice of such filing not less than five days before the time of filing, the transcript in the Court of Civil Appeals. Article 1848, supra, before said amendment, merely provided that causes on the trial dockets of the Courts of Civil Appeals should be submitted in the order of the date of filing except as otherwise provided, unless continued; also that the clerk of the court should notify parties or their attorneys of the dates set for hearing.

The caption of Senate Bill 60, which is chapter 64, Acts Regular Session, 42nd Legislature, is as follows: "An Act to amend Articles 1847 and 1848, Chapter 3, Title 39, of the Revised Statutes, so as to provide for the filing of records in the order received, for setting the cases for submission, and the notification of parties of the receipt and the date set for hearing; and declaring an emergency."

Section 35, article 3, Constitution of Texas, provides that no legislative bill shall contain more than one subject, which shall be expressed in its title; also, that if any subject be embraced in an act which is not expressed in the title, the act shall be void only as to so much thereof as shall not be so expressed.

Looking to the contents of amended article 1848, supra, as same appears in said chapter 64, after providing in paragraph one for the setting of cases for submission eight weeks ahead of the date for such submission, and the notification of such setting to parties or their attorneys, said act proceeds in paragraph two as follows: "The appellant, or plaintiff in error, shall have thirty days from the date of such notice in which to file his brief in the Court of Civil Appeals and the appellee's brief shall be so filed at least five days before the date set for submission. Upon good cause shown, the Court of Civil Ap-

peals may grant either or both parties further time for the filing of their respective briefs and may extend the time for the submission of the case."

It is perfectly apparent that the subject-matter of these paragraphs last quoted is not germane to the purposes of either of old articles 1847 or 1848, nor is such subject-matter set forth in nor comprehended by the caption or title of said amendatory act. The subject-matter of the paragraphs refers to totally different matters from the setting or submission of cases, and refers to the filing of briefs, a subject dealt with in article 2283, Rev. Civ. Stats.

The attempted injection of said last-quoted paragraphs into the body of the law in this manner is in violation of the article of the Constitution referred to. Floeck v. State, 34 Texas Crim. Rep., 314; Newnon v. Williamson, 103 S. W., 656; Albrecht v. State, 8 Texas App., 216; Roddy v. State, 16 Texas App., 502; Clark v. Finley, 93 Texas, 171; Ex parte Fagg, 38 Texas Crim. Rep., 573; Harris County v. Stewart, 91 Texas, 133; Singleton v. State, 53 Texas Crim. Rep., 626; McLaury v. Watelsky, 87 S. W., 1045. We are of opinion that the part of said amended article 1848, which appears in the last quotation above, is unconstitutional and void, and can afford appellant herein no basis for a claim for rehearing.

Our attention is called to the case of Johnson et al. v. Town of Refugio, 56 S. W. (2d) 674, wherein our Court of Civil Appeals at San Antonio seems to have held that article 2283, supra, has been superseded by the amendment of article 1848, supra. We regret that the attention of said court was apparently not called to the fact that the amendatory act appearing in chapter 64, supra, embraced in the latter part of the second paragraph thereof matters at variance from and not germane to those set out in the caption.

Believing the motion for rehearing not well taken, same will be overruled.

*Overruled.*