**SMITH v. ANDERSON.**

No. 2883.

Court of Civil Appeals of Texas. Beaumont.

March 13, 1936.

Rehearing Denied March 25, 1936.

Howth, Adams & Hart, of Beaumont, and A. Milton Vance, of Houston, for appellant.

Gilbert T. Adams, of Beaumont, for appellee.

O'QUINN, Justice.

August 1, 1933, E. G. Smith operated a motor freight line in Jefferson county, Tex., and other points in the state, under the name of Southern Motor Lines. From August 1, 1933, to September 29, 1934, appellee, Anderson, worked for appellant, Smith, driving a freight truck for which he was to and did receive certain stipulated wages weekly. After he ceased to be an employee of Smith, on December 4, 1934, Anderson filed this suit against Smith to recover compensation for "overtime" at the rate of one and one-third pay, which he alleged amounted to $5,336.80. The right to recover was based entirely on the provisions of the federal statute known as the "N. R. A. Act" and the "Reemployment Agreement" under said act, by which the hours of labor and wages for same were declared and regulated as applied to the business in which Smith was engaged. Appellee's petition fully pleaded the facts of his employment, hours of labor performed, the provisions of the N. R. A. Act and the Re-employment Agreement, and that appellant had agreed to, accepted the provisions of said N. R. A. Act and the Re-employment Agreement, and was operating thereunder, which provided for one and one-third pay for overtime, and prayed for judgment for the amount claimed to be due him.

Appellant, defendant Smith, answered by general demurrer, special exceptions to the effect that appellee by his pleadings had not brought himself within the provisions of the act invoked, general denial, and, among other defenses, specially that said N. R. A. Act and the Re-employment Agreement were unconstitutional and void because of which no cause of action could be based upon the terms of same, and appellee's asserted cause of action was without any basis in law; and further specially pleaded that he had fully paid appellee for all of the services he had performed according to the terms of his employment.

The cause was tried to a jury upon special issues upon the answers to which judgment was rendered for appellee in the sum of $3,257.84, and costs of suit. The case is before us on appeal.

Appellee has filed two motions to strike appellant's brief and to dismiss the appeal:

The first: (a) Because the brief of appellant was not filed in the trial court and notice of such filing given appellee or his attorney of record as provided by article 2283, R.S.1925. The effect of the insistence is that said article controls the filing of briefs in cases on appeal; that article 1848, as amended by Acts of the 42d Legislature (1931, c. 64, § 1), regulating the filing of briefs, was declared unconstitutional by the Court of Criminal Appeals in the case of Norton v. State, 123 Tex.Cr.R. 599, 59 S.W.(2d) 830, and so article 2283 still controls. A sufficient answer to this is that the Forty-Fourth Legislature, Acts 1935, c. 90, p. 225 (section 1 [Vernon's Ann.Civ.St. art. 1848]), because of the holding in Norton v. State, supra, re-enacted article 1848, removing the ground upon which it was held unconstitutional, and specifically repealed article 2283 (section 2). Article 1848, as so enacted, provides that causes on appeal shall be set for submission by the appellate court 8 weeks ahead of the date of submission and notice given of such setting, and that the appellant shall have 30 days from the date of such notice in which to file his

brief in the appellate court. The record discloses that the transcript and statement of facts were filed in this court on May 16, 1935; that on August 21, 1935, the case was set for submission on January 9, 1936, and proper notice given of such setting. December 9, 1935, appellant filed his brief in this court. This was full 30 days before the date of submission, and was in compliance with the statute, article 1848, as amended.

The second: (b) Complains of the assignments of error (42 of them) and the propositions (26 of them) under them as not being sufficient, and mere abstract propositions of law, and multifarious, wherefore they should not be considered. We think the assignments sufficiently comply with the rules to compel their consideration.

The motions to strike and to dismiss are overruled.

■ The judgment will have to be reversed and here rendered for appellant because:

(a) The cause of action is based wholly on the provisions of the National Industrial Recovery Act (48 Stat. 195), commonly known as the "N. R. A. Federal Act." This was held to be unconstitutional in the case of Schechter Poultry Corporation v. United States, 295 U.S. 495–555, 55 S.Ct. 837, 79 L.Ed. 1570–1593, 97 A.L.R. 947. The law being void, appellee's asserted cause of action was without support in law, and appellant's motion for an instructed verdict should have been given.

■ (b) The Re-employment Agreement entered into by and between the President and employers affected by it, by virtue of the provisions of the N. R. A. Act, among other things, provided: "(4) The maximum hours fixed in the foregoing paragraphs (2) and (3) shall not apply to employees in establishments employing not more than two persons in towns of less than 2500 population which towns are not a part of a larger trade area; nor to registered pharmacists are other professional persons employed in their profession; nor to employees in a managerial or executive capacity, who now receive more than $35.00 per week; nor to employees on emergency maintenance and repair work; nor to very special cases where restrictions of hours of highly skilled workers on continuous processes would unavoidably reduce production but, in any such special case, at least time and one-third shall be paid for hours worked in excess of the maximum. The population for the purposes of this agreement shall be determined by reference to the 1930 Federal census."

It was by virtue of this provision of the Re-employment Agreement that appellee claimed he was entitled to pay for "overtime." It is seen that by the provisions of the Re-employment Agreement the maximum hours prescribed did not apply to employees engaged in a managerial or executive capacity, nor to those engaged in emergency maintenance repair work, nor to those engaged as highly skilled workers on continuous processes which would unavoidably reduce production, but, if such employees were worked more than the maximum hours fixed by the agreement, then they were entitled to receive at least time and one-third for hours worked in excess of the prescribed maximum, or for overtime. The burden was on appellee to allege and prove that he belonged to one of these exempted classes and that he worked more than the maximum hours for him to recover. He alleged that he was an employee of appellant, and that his work was driving a motor freight truck handling and delivering freight carried by the truck. His testimony so showed. There was neither allegation nor proof that appellee was an employee engaged in a managerial or executive capacity, nor that he was engaged in emergency maintenance repair work, nor that his employment was in a very special case where restrictions of hours of highly skilled workers on continuous processes would unavoidably reduce production. There being neither allegation nor proof bringing appellee within the provisions of the act which would entitle him to overtime pay, his petition on its face failed to disclose any cause of action, and appellant's request for an instructed verdict should have been granted.

From what we have said it follows that the judgment will have to be reversed and judgment here rendered for appellant, and it is accordingly so ordered.

Reversed and rendered.