## SMITH v. MORGAN.
### No. 2894.

Court of Civil Appeals of Texas. Beaumont.
March 13, 1936.

Rehearing Denied March 25, 1936.

Howth, Adams & Hart, of Beaumont, and A. Milton Vance, of Houston, for appellant.

Gilbert T. Adams, of Beaumont, for appellee.

COMBS, Justice.

This is a companion case to the case of E. G. Smith v. T. Anderson, 92 S.W. (2d) 1061, this day decided by this court. The controlling facts and the law issues involved are the same. For the reasons stated in the opinion of Justice O'Quinn in the Anderson Case, the judgment of the trial court is reversed and judgment here rendered for the appellant.

### On Rehearing.

Appellee, in his motion for rehearing, complains only of our refusal to strike appellant's brief. In that connection he insists that the facts with reference to the filing of appellant's brief are different from the facts in the companion case of E. G. Smith v. T. Anderson (Tex.Civ. App.) 92 S.W.(2d) 1061, referred to in our original opinion. Here, as in the Anderson Case, appellant's brief was filed within the time required by statute (Vernon's Ann.Civ.St. art. 1848). Appellant's counsel did not furnish a copy of the brief to appellee's counsel in either case. But in the Anderson Case appellee's counsel did receive from appellant's counsel copy of the letter which he had written the clerk of this court transmitting the brief for filing, whereas, in the instant case, counsel for appellee received no notice of the filing of appellant's brief and did not know that it had been filed until January 9th, one week before submission date. Appellee's counsel, because of the size of the record and the number of assignments contained in the appellant's brief, did not have time to prepare and file a brief for the appellee before submission day.

We do not think the difference in facts material. Both in this case and in the Anderson Case the appellant filed his brief in compliance with the rule. And, since appellee's motion to strike was grounded upon his contention that the rule had not been complied with, it was our duty to overrule it.

The general practice followed by attorneys of furnishing opposing counsel with copies of briefs filed on appeal is merely in keeping with the courtesy usually observed among attorneys. We know of no rule requiring that it be done or that notice be given to opposing counsel of the filing of briefs. Were this a case in which appellee's counsel was seeking additional time within which to prepare and file a reply brief, it doubtless would be within the discretion of this court to consider the fact that appellant's counsel did not furnish him a copy of the brief or notify him of the filing in time for him to prepare his answer. The holding made by us in this case and the Anderson Case does not conflict with the former holding of this court in West Louisiana Bank v. Terry, 229 S.W. 639, Gray v. Texas Ice Co., 15 S.W.(2d) 664, and City of Houston v. Masterson, 22 S.W.(2d) 682. In each of those cases appellee's lack of time within which to prepare and file reply brief was due to the appellant's failure to comply with existing rules on the subject.

The motion for rehearing is overruled.